Commonwealth *v.* Hepler.

Argued May 7, 1971, before Judges KRAMER, WIL-KINSON, JR., and MENCER, sitting as a panel of three.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*John T. Pfeiffer, III,* with him *John B. McGurl,* for appellee.

OPINION BY JUDGE MENCER, June 29, 1971:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Schuylkill County reversing the order of the Secretary of Revenue (now the Secretary of Transportation) suspending the motor vehicle license of Kenneth Hepler for seventy-five days.

On November 15, 1966, appellee was apprehended by the Pennsylvania State Police using radar for speeding 55 m.p.h. in a 45 m.p.h. zone in violation of Section 1002(c) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(c). An information was filed against him, and, without appearing before the Magistrate, he pleaded guilty and paid the fine and costs on June 29, 1967. A report of this conviction was sent to the Department of Revenue by the Magistrate, and three points were assigned to appellee's record as mandated by Section 619.1(b) of the Code.[1]

On January 25, 1968, appellee was again apprehended by the State Police for failure to drive upon the right half of the highway in violation of Section 1004 of the Code.[2] After an information was filed and without appearing before the Magistrate, appellee again pleaded guilty and paid the fine and costs on June 28, 1968. As a result, three more points were assigned to his record making his total point accumulation six points for the first time. He therefore was directed to attend Driver Improvement School, as mandated by Section 619.1(f),[3] which he subsequently completed satisfactorily thereby receiving a one point credit toward his record. Two more points were credited to his record on June 28, 1969, pursuant to Section 619.1 (j),[4] for lack of any Vehicle Code conviction for the

[1] 75 P.S. §619.1(b).
[2] 75 P.S. §1004.
[3] 75 P.S. §619.1(f).
[4] 75 P.S. §619.1(j).

year following that recorded on June 28, 1968.

His record now showed three points, but on June 5, 1969, he was apprehended for disobeying a traffic signal in violation of Section 1028(a),[5] and on July 15, 1969, he pleaded guilty to such violation and paid the fine and costs. Five points were subsequently added to his record, which now showed six or more points for the second time. Section 619.1(g)[6] therefore demanded that appellee take a special examination, which he later passed.

Finally, on February 13, 1970, appellee was apprehended for speeding 65 m.p.h. in a 45 m.p.h. zone, again a violation of Section 1002(c). After an information was filed, appellee failed to appear before the Magistrate but pleaded guilty and paid the fine and costs on March 17, 1970. Six points were added to appellee's record making a total of fourteen points. As a result, Section 619.1(b) dictated a 15 day suspension for exceeding the speed limit by 20 m.p.h., and Sections 619.1 (i) and (k)[7] mandated a 60 day suspension, these two penalties to run consecutively, effective May 7, 1970.

Appellee appealed these suspensions to the court below which, after a hearing, reversed the Secretary's order on the basis that Commonwealth's Exhibit No. 5 (certification of the June 28, 1968, conviction to the Secretary) was not admissible because it was void of any signature (thus crediting appellee's record with three points), and that Commonwealth's Exhibit No. 2 on its face did not credit appellee with a deduction of two points for each year he drove without *violating* any of the provisions of The Vehicle Code. The court then reasoned that appellee's record properly should show

---

[5] 75 P.S. §1028(a).

[6] 75 P.S. §619.1(g).

[7] 75 P.S. §§619.1(i) and (k).

nine points and no suspension should be imposed. This appeal followed.

Initially, the February 13, 1970, conviction is undisputed, and therefore, at the least, appellee's 15 day suspension for exceeding the speed limit by 20 m.p.h. was properly imposed and should stand.

Whether the 60 day suspension should stand depends on whether, under Section 619.1(i), appellee's "record shows an accumulation of eleven (11) points or more". Should we, then, uphold the lower court's ruling on Exhibit No. 5 (which, in itself, would only reduce the total to 11), or dismiss the second suspension by upholding the court's ruling on Exhibit No. 2 as well?

As to Exhibit No. 5, the burden of proof on whether or not the Secretary's computation or assessment of points is correct is on the Commonwealth, which must establish its case by legal and competent evidence. *Romm Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 369, 243 A. 2d 471 (1968). In *Virnelson Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 368, 243 A. 2d 464, 469 (1968), the Superior Court said: "At the hearing before the lower court the Commonwealth should produce the records of convictions received by the Department of Revenue from the magistrates and courts of record *in the proper form,* and the secretary's record compiled therefrom which justified the suspension." (Emphasis added)

Exhibit No. 5, with the heading "Conviction Report of Motor Vehicle Violation", is a standard form supplied to all Magistrates by the Bureau of Traffic Safety pursuant to Section 1209(a) of the Code,[8] which says in pertinent part: ". . . Abstracts required by this section shall be made upon forms prepared by the department, and shall include all necessary information as to the parties to the case, the nature of the offense,

---

[8] 75 P.S. §1209(a).

the date of hearing, the plea, the judgment, and the amount of the fine or forfeiture, *and every such abstract shall be certified by the magistrate as a true abstract of the record of the court.*" (Emphasis added) The form itself contains, *inter alia,* separate lines where the Magistrate's name and address are to be placed, and then, lower on the form, the words: "This form must be completed with all pertinent information before same can be processed by the Bureau of Traffic Safety. As provided by Section 1209 of The Vehicle Code I hereby certify that the information on this report is a true abstract of the record of this court in this case." To the left of these words is a double circle with the word "Seal" inside, and below these words is a long line under which the words "Signature of Magistrate" appear within parentheses. Further down the page appear the words: "Send *This* Form To: Bureau of Traffic Safety, Department of Revenue, Commonwealth of Pennsylvania, Harrisburg, Pennsylvania 17123". (Emphasis added)

The present question arises because the Magistrate involved neither signed his name on the line provided nor affixed his seal in the proper place. Instead he wrote "Certified" and then signed his name just over his typewritten name and address higher on the form.

The Commonwealth avers "that any type of a report of any nature whatsoever signed by anyone whatsoever so long as it is received by the Secretary is a sufficient notice of conviction" and cites as authority several Superior Court cases all of which involved "out-of-state" motor vehicle violations forwarded to the Secretary from other jurisdictions. These foreign violations were admitted into evidence pursuant to Section 618(e),[9] which does not contain the specific mandatory requirements of Section 1209(a). We conclude that since the

---

[9] 75 P.S. §618(e).

Legislature provided the proper means and method for certification by the Magistrate, (1) "any type of report of any nature", including Exhibit No. 5, does not comply with the mandate of Section 1209(a), and (2) once the Magistrate undertook to use the form, he should have done so properly. We therefore uphold the lower court in this regard.

As to Exhibit No. 2 (certification of driving record with appellee's point computation), as equitable as it may seem to compute a credit of two points on a violation date to violation date basis, neither Section 619.1(b) nor Section 619.1(j) have been so worded by the Legislature. In fact, these two sections make it clear that the date of conviction is the controlling factor. We grant that this exhibit only indicated violation dates for each of appellee's offenses and not the dates of conviction, thereby misleading the lower court, but had it been read together with the other exhibits admitted, it would have become manifest that Exhibit No. 2 did properly show the point accumulation upon which the Secretary's 60 day suspension was based.

Accordingly, the order of the Court of Common Pleas of Schuylkill County is reversed, and the order of the Secretary of Revenue (now the Secretary of Transportation) is reinstated. A reinstated suspension of seventy-five days shall be issued within thirty days.