Commonwealth *v.* Ross.

Argued September 12, 1972, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Frank A. Conte,* for appellee.

OPINION BY JUDGE ROGERS, October 25, 1972:

The Commonwealth has appealed from an order of the Court of Common Pleas of Washington County sustaining the appeal of Donald Lee Ross from the Secretary of Transportation's suspension of his operator's license.

The Secretary notified Donald Lee Ross of the suspension of his driver's license for 15 days upon a fresh speeding conviction pursuant to Section 619.1(b)[1] of The Vehicle Code and for a consecutive period of 60 days by reason of an accumulation of at least 11 points pursuant to Section 619.1(i) and (k). Ross's appeal was sustained by the court below.

---

[1] Section 619.1(b) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §619.1(b).

At the hearing, counsel for the Commonwealth made the following offer of evidence: "If the court please, I submit this certified copy of the conviction report of motor vehicle violation that applies to this case. I submit it pursuant to the applicable provisions of the motor vehicle code that permits such records certified by the Secretary of Transportation to be admitted into evidence."

The objection of Ross's counsel to the proffered document was sustained. The Commonwealth's counsel did nothing further. The rejected document was not identified and made the subject of a renewed offer; did not become a part of the record for purposes of testing the correctness of the court's ruling; and is not before us.

The Commonwealth had the burden of proving by legal and competent evidence the convictions and the correctness of the Secretary's computation or assessment of points. *Commonwealth v. Hepler*, 2 Pa. Commonwealth Ct. 516, 279 A. 2d 93 (1971). In *Virnelson Motor Vehicle Operator License Case*, 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968), the Superior Court set forth what evidence carries the Commonwealth's burden: "At the hearing before the lower court the Commonwealth should produce the records of convictions received by the Department of Revenue [now Department of Transportation] from the magistrates and courts of record in the proper form, and the Secretary's record compiled therefrom which justified the suspension. If these documents show that the suspension was given in accordance with the mandate of section 619.1, the Commonwealth has produced a prima facie case for suspension." 212 Pa. Superior Ct. at 368, 243 A. 2d at 469. Not having the report here sought to be introduced, we are unable to determine whether it was the evidence described in *Virnelson* or something other,

properly rejected. It appears to have been only a record of the appellee's last conviction which, if properly certified, would have been admissible, but alone not sufficient to carry the Commonwealth's burden.

We are therefore unable to conclude that the court below erred in sustaining the appeal before it.

Affirmed.