## Commonwealth *v.* McAlarney.

Argued September 12, 1972, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant District Attorney, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Peter J. Mangan,* with him *Russell F. Griest,* for appellee.

OPINION BY JUDGE KRAMER, October 31, 1972:

This is an appeal by the Commonwealth of Pennsylvania, Department of Transportation (DOT), from an Order of the Court of Common Pleas of York County, Civil Division, dated November 30, 1971, in which the court below sustained the appeal of William D. McAlarney (McAlarney) from a suspension of McAlarney's motor vehicle operator's license for a period of sixty days. This suspension was based upon what is known as the point system under Section 619.1 of the Vehicle Code, the Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §619.1.

The record clearly shows that McAlarney was arrested by a state policeman on July 10, 1970, on Route 22, east of Evansburg in Cambria County, on a charge of illegal passing under Section 1008(e) of the Code, 75 P.S. §1008(e). McAlarney paid a fine and costs in the amount of $15 on July 27, 1971. By notice, dated July 19, 1971, the Bureau of Traffic Safety of DOT notified McAlarney that he had been assigned three points for this illegal passing violation. In addition,

the notice informed McAlarney that because of prior point assignments he had a total point accumulation of eleven points, thereby mandating a suspension of his operator driving privileges for a period of sixty days under Section 619.1-(i)(k).

McAlarney took an appeal from this suspension to the Civil Division of the Court of Common Pleas of York County. At a hearing held on this suspension appeal, the Commonwealth, through its counsel, introduced a certified copy of the conviction in Cambria County and thereafter immediately rested its case without the introduction of any further evidence or testimony. The lower court permitted McAlarney to explain the reason for the illegal passing. McAlarney asserted that the air lines on his tractor-trailer rig had experienced a hole, causing a failure of his brakes, thereby causing him to operate his rig so as to avoid an accident, while bringing the rig to a stop. At the conclusion of the case (Mr. McAlarney being the only witness), the court sustained the appeal of McAlarney and reversed the action of the Secretary.

On December 23, 1971, DOT took an appeal to this Court, which made necessary the filing of a memorandum opinion by the lower court. On February 25, 1972, the lower court issued a one-page memorandum in which the court confessed error in sustaining the appeal and reversing the action of the Secretary for the reason that the court had improperly considered a collateral attack on the action of the Secretary, based upon the merits of McAlarney's conviction for illegal passing. The lower court stated its recognition that the suspension had been mandated by the Vehicle Code and that the Secretary had no discretion on whether or not a suspension should have been issued against McAlarney. The court therefore requested this Court to reverse its original Order of November 30, 1971, and to reinstate the action of suspension by the Secretary.

At the argument before this Court, McAlarney was represented by counsel, but did not file a brief. DOT, relying upon the memorandum opinion of the lower court (suggesting a reversal of its action), and the case of *Virnelson Motor Vehicle Operator License Case*, 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968), stated that this matter was a clear case of a mandatory suspension under Section 619.1 of the Code.

We have carefully reviewed the entire record in this case and conclude that the Order of the lower court must be affirmed, but for different reasons than the lower court originally espoused. The *Virnelson* case, *supra*, is the leading case concerning the scope of review by the lower court on an appeal from a suspension of an operator's license under Section 619.1. The court in that case stated: "However, in determining 'whether the petitioner is subject to suspension,' the lower court will merely determine whether there has been a compliance with Section 619.1. At the hearing before the lower court the Commonwealth should produce the records of *convictions* received by the Department of Revenue from the magistrate and the courts of record in the proper form, and the secretary's record compiled therefrom which justified the suspension. If these documents show that the suspension was given in accordance with the mandate of Section 619.1, the Commonwealth has produced a prima facie case for suspension. If the defendant wishes he may then proceed to show that he was not convicted or that the records or the computation of the secretary are incorrect. He may not go into the facts of his violation or mitigating circumstances thereof because the issue is whether he was convicted and not whether he should have been convicted." (Emphasis added.) 212 Pa. Superior Ct. at 368, 243 A. 2d at 469.

From the language of the *Virnelson* case, *supra*, the lower court is correct when it asserts that it com-

484

mitted error in permitting McAlarney to go into the mitigating circumstances of his violation. The real difficulty with DOT's case is that the certification which it presented to the lower court in the suspension appeal referred solely to the one offense of illegal passing on July 10, 1970. The certification of the Secretary does not mention any other violations or any other points; and DOT presented no such evidence at the hearing before the lower court. *Virnelson, supra,* tells us that the Secretary need only prove the basis for the suspension through its certification. The Secretary in this case did not produce any evidence for the basis of the accumulation of points which would mandate the suspension of McAlarney's operator's privileges. The Secretary having failed to carry out his burden of proof concerning the basis for the suspension, the Order of the court below is hereby affirmed.