## Commonwealth *v.* Bernstein.

Argued January 12, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Jerrold D. Harris,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Jerome Hahn,* for appellee.

OPINION BY JUDGE MENCER, February 27, 1973:

The Commonwealth has appealed from an order of the Court of Common Pleas of Washington County sus-

taining the appeal of Norman Bernstein (appellee) from the Secretary of Transportation's suspension of his operator's license.

The Secretary notified appellee of the suspension of his driver's license for 15 days for a speeding conviction pursuant to Section 619.1(b) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §619.1 (b), and for a consecutive period of 60 days by reason of an accumulation of at least 11 points pursuant to Section 619.1(i) and (k), 75 P.S. §619.1(i) and (k). Bernstein's appeal was sustained by the court below.

At the hearing, counsel for the Commonwealth made the following statements: "We will introduce two records . . ."; "We have the certified records of the conviction and also the certified records of the Department's action on the certification statement."; "I have the State Police arrest report which apparently accompanied the [magistrate's conviction report]."; "The certification statement, Your Honor, indicates the two convictions in 1969."

Interspersed with these statements were objections by counsel for appellee that the magistrate's report for the second of appellee's alleged convictions was defective.

The Commonwealth had the burden of proving by legal and competent evidence the convictions and the correctness of the Secretary's computation or assessment of points. *Commonwealth v. Hepler*, 2 Pa. Commonwealth Ct. 516, 279 A. 2d 93 (1971). In *Virnelson Motor Vehicle Operator License Case*, 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968), the Superior Court set forth what evidence carries the Commonwealth's burden: "At the hearing before the lower court the Commonwealth should produce the records of convictions received by the Department of Revenue [now Department of Transportation] from the magistrates and courts of record in the proper form, and the secretary's

record compiled therefrom which justified the suspension. If these documents show that the suspension was given in accordance with the mandate of section 619.1, the Commonwealth has produced a prima facie case for suspension." 212 Pa. Superior Ct. at 368, 243 A. 2d at 469.

Although from a thorough reading of the record it would seem that "the records of convictions received by the Department . . . and the secretary's record compiled therefrom" were examined by both counsel and the court, none of these documents was introduced into evidence at any time. Consequently, *none of the required documents is in the record,* either physically or, since they were never formally introduced into evidence, validly. Not having these documents here before us, we are unable to determine whether they were the evidence described in *Virnelson.*

We are therefore unable to conclude that the Commonwealth met its burden of proving the appellee's convictions and the correctness of the·Secretary's computation of points. *See Commonwealth v. Ross,* 6 Pa. Commonwealth Ct. 414, 296 A. 2d 291 (1972).

Affirmed.