## Commonwealth *v.* Francis.

Argued April 9, 1973, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

480

*Robert S. Glass*, with him *Glass, Glass and Moot*, for appellant.

*Anthony J. Maiorana*, Assistant Attorney General, with him *Stuart A. Liner*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General, and *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, April 27, 1973:

Very briefly stated, the facts here presented are that appellant was involved in an automobile accident. To use the words of appellant's counsel in the history of the case: "He failed, neglected or refused to submit to a Breatholyzer or blood chemistry test. He was charged with driving while intoxicated, went to trial on that and was acquitted. . . ."

The Secretary of Transportation suspended his operator's license for a period of six months under Section 624.1 of The Motor Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §624.1. An appeal was filed in the Court of Common Pleas alleging that appellant suffered a head injury and was so "dazed and not in full possession of his mental facilities" that he could not intelligently accept or refuse the test. A hearing date was set for 9:30 a.m., July 11, 1972, in Courtroom No. 1, at the Court House in Ebensburg and the appellant so notified. He did not appear in person or by counsel. The Commonwealth produced its case and the lower court dismissed the appeal.

On July 20, 1972, appellant filed exceptions to the order of the court dismissing his appeal.[1] The exceptions alleged that "the failure of the defendant to appear was in no way the fault of the defendant." The exceptions further alleged that defendant had a proper

---

[1] A more appropriate procedure might have been to have filed a motion for a new trial, thereby permitting the court below, sitting en banc, to pass upon the issue presented by this appeal.

defense[2] that he was prepared to present. The exceptions do not allege that defendant did not have notice.

On the above state of the record, there is absolutely no doubt that the lower court was within the bounds of its discretion in hearing the case in the absence of the defendant. When you add to the above two exhibits attached to the Petition for Supersedeas filed by appellant with this Court, any possible doubt, not only of timely notice, but of the actual knowledge of appellant of the time and place of the hearing, is removed. One is a letter to the appellant, a physician duly qualified and specializing in psychiatry, which states:

"Dear Peter:

"I have been informed by the Court Administrator of Cambria County that the hearing on your appeal from suspension for failure to take a breath test has been scheduled for 9:30 o'clock a.m. in Courtroom No. 1, at the Courthouse in Ebensburg, Pennsylvania on July 11, 1972. I have notified Mr. Glass of this and I assume he will contact you regarding same.

Very truly yours,"

The other is a certificate from the Rehabilitation Center where appellant worked that on June 27, 1972, appellant applied for a one day leave of absence on July 11, 1972.

Accepting the allegations of appellant's Petition for Supersedeas that he had his secretary contact Attorney Glass at 9:30 a.m., on July 11, 1972, to inquire of the time of the hearing, and that Attorney Glass was totally uninformed of the time and place of the hearing and forthwith contacted the Court Administrator at the Courthouse some 20 miles away only to find that the hearing was then proceeding, we make out even a

---

[2] With regard to a blow on the head being a defense for refusal to take a chemical test, see *Commonwealth v. Passarella*, 7 Pa. Commonwealth Ct. 584, 300 A. 2d 844 (1973).

stronger case of appellant's, a practicing physician, culpability in failing to appear at the time and place of a hearing concerning which he had adequate, personal written notice.

We are not in any way critical of Attorney Glass who has valiantly tried to extricate the appellant from a situation of his own making. He pleads for his client to have "his day in court." He had an opportunity to have one and failed to avail himself of it. Counsel for the appellant candidly states that he can find no precedent for reversing the court below and, therefore, cites no case. We have found a few cases where our Supreme Court has reversed a lower court for proceeding to trial in the absence of the defendant or his counsel. However, none would be precedent for such action here. In *Nerkowski v. Yellow Cab Co. of Pittsburgh*, 436 Pa. 306, 259 A. 2d 171 (1969), the defendant's attorney was appointed to the bench on January 7, 1969. The case was called on the trial list on January 10, 1969, and the court was informed that new counsel had been secured, but was on trial in another case, had not had an opportunity to prepare, and requested a continuance for one week. The plaintiff did not object. Nevertheless, the lower court proceeded with the trial. Under these unusual circumstances, a divided Supreme Court reversed and ordered a new trial. The majority point out the very unusual circumstances which justified the reversal, none of which are present here. *See also Budget Laundry Company v. Munter, et al.*, 450 Pa. 13, 298 A. 2d 55 (1972).

Judgment affirmed.