Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* Robert A. Shisslak, Appellee.

Submitted on briefs, January 10, 1974, to Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Robert J. Milie,* with him *Waltz, Milie and McArdle,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 7, 1974:

The Commonwealth appeals an order of the Court of Common Pleas of Westmoreland County which reversed a suspension of Robert A. Shisslak's (Shisslak) motor vehicle operator's license by the Secretary of Transportation because he had accumulated twelve points as mandated by Section 619.1(i) and (k) of The Vehicle Code.[1]

At the hearing before the court below the Commonwealth offered into evidence ten exhibits. Counsel for Shisslak objected to the introduction of three of these exhibits: Exhibit 6, a traffic violation and certification of disposition[2] purporting to establish a conviction for violation of Section 1002(c) of the Code; Exhibit 7, a conviction report to establish a conviction for a violation of Section 1002(b)(4); and Exhibit 10, Shisslak's driving record containing entries of the convictions and two additional convictions which were received into evidence without objection. The court sustained the objections. Regretfully, counsel for the Commonwealth did nothing further to identify the rejected exhibits, nor were they made the subject of a renewed offer. These documents were not made a part

---

[1] Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §619.1(i) and (k).

[2] Although the issue is not now before us, we note that Rule 140 of the Pennsylvania Rules of Criminal Procedure suspends in part Section 1209 of the Code. Depending upon the stated effective date of each Rule, the conviction report previously required by Section 1209 may now be in the form of a citation and certification of disposition (as illustrated in Rule 133(a)) if this was "the written instrument by which the prosecution was commenced." Rule 140. *See Epps v. Commonwealth of Pennsylvania,* Department of Transportation, Bureau of Traffic Safety, 11 Pa. Commonwealth Ct. 544, 314 A. 2d 884 (1974).

of the official record certified by the lower court to this Court, and are thus not now before us to assay the correctness of the court's ruling. *Commonwealth v. Bernstein,* 7 Pa. Commonwealth Ct. 594, 300 A. 2d 905 (1973); *Commonwealth v. Ross,* 6 Pa. Commonwealth Ct. 414, 296 A. 2d 291 (1972). Cognizant of these omissions, the Commonwealth has attempted to enlarge the record by appending the missing documents to its supplemental brief. Absent a stipulation of counsel admitting the identity and authenticity of these documents as the exhibits at issue or a petition by the Commonwealth to amend the record, our review is restricted to the record as it was certified by the court below.

Therefore, we are unable to conclude that the Commonwealth met its burden of proving Shisslak's convictions and the correctness of the Secretary of Transportation's computation of points. Without proper records of the two convictions excluded by the court below, the record merely establishes six points assessed against Shisslak. Accordingly, the order of the lower court must be sustained. *See Epps v. Commonwealth, supra; Commonwealth v. Bernstein, supra.*

Affirmed.