Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* Michael Joseph Lamb, Appellee.

Argued January 11, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Michael Joseph Lamb,* appellee, for himself.

OPINION BY JUDGE KRAMER, March 12, 1974:

This is an appeal by the Commonwealth of Pennsylvania (Commonwealth) from an order of the Court of Common Pleas of Chester County dated July 7, 1972, sustaining the appeal of Michael Joseph Lamb (Lamb) and thereby reversing the suspension of Lamb's motor vehicle operating privileges by the Secretary of Transportation.

On June 27, 1971, Lamb was arrested and charged with a violation of Section 1001(1) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1001, i.e., "reckless driving."

The record discloses that Lamb left for a trip to Europe during the first week of August 1971, and returned to his home on September 4, 1971. A "couple days after" Lamb returned home, he was advised by his mother that she had received by certified mail a summons issued in connection with The Vehicle Code violation. She told her son that she had paid the fine because she believed that nonpayment would have resulted in a suspension of his motor vehicle operator's license. The record further discloses that on October 28, 1971, Lamb was convicted of the said violation by a member of the minor judiciary. Lamb took no appeal from this

conviction. On April 19, 1972, Lamb received a notice from the Department of Transportation informing him that as a result of said conviction, five points were being assigned to his record, creating an accumulation of 11 points. In accordance with Section 619.1(i) and (k) of The Vehicle Code, 75 P.S. §619.1(i)(k), the Secretary of Transportation suspended Lamb's license for 60 days, effective May 19, 1972.

On May 19, 1972, Lamb appealed from this suspension to the court below, and a hearing was held on June 29, 1972. The court below made a finding that Lamb had no knowledge of the payment of the fine and costs by his mother, and that he had not authorized her to pay same on his behalf. The sole issue decided by the lower court was whether, under such facts, Lamb had been "convicted" and hence his license properly suspended. On the authority of *Commonwealth v. Heckathorne*, 18 Chest. 22 (1969), the lower court concluded that the record made did not indicate knowledge or authority on Lamb's behalf with regard to the payment of the fine and costs, and therefore, Lamb was not "convicted."

The only question presented to us by the Commonwealth is whether the court below committed an error of law in reversing the suspension based upon its holding that there was no conviction because Lamb's mother paid the fine and costs without Lamb's authority or knowledge. This Court has previously ruled on the same issue in *Commonwealth v. James*, 6 Pa. Commonwealth Ct. 493, 296 A. 2d 530 (1972). In *James,* the appellant was a truck driver who learned three days after returning from a long haul that his wife had paid the fine and costs in his absence, but, as in this case, he did nothing until he was served with a notice of suspension by the Secretary some months later. We said in *James, supra*: "As a result, we must agree with the Commonwealth's contention that James's summary conviction, which arose from a criminal proceeding, was

improperly attacked in the suspension appeal, which is civil in nature. Whether or not a conviction occurred when Mrs. James paid the fine and costs without her husband's consent should have been determined by an appeal within ten days of conviction to the common pleas court pursuant to Section 3 of the Act of December 2, 1968, P. L. 1137, No. 355, 42 P.S. §3003. James learned of his wife's action within three days and could have appealed accordingly. Instead he did nothing until the Secretary's license suspension notice arrived two months later. To allow him to collaterally attack the validity of the conviction in a later civil proceeding was clearly in error." 6 Pa. Commonwealth Ct. at 497, 296 A. 2d at 532. In this case the record establishes that Lamb returned home from his European trip on September 4, 1971. It also indicates that his conviction was not entered by the minor judiciary until October 28, 1971, which would have permitted him to appeal from the criminal conviction until November 8, 1971. Clearly, then, based on the facts as presented, this case fits within our holding in *James, supra,* and it appears that we should reverse the lower court. Upon perusal of the record, however, it becomes apparent that the Commonwealth has failed to meet the minimal burden required of it. In *Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960), the court stated: "The burden is upon the Commonwealth to establish a prima facie case in the court below. It cannot meet this burden by merely introducing the action of the secretary into the record. Commonwealth v. Emerick, supra [373 Pa. 388, 96 A. 2d 370 (1953)]; Commonwealth v. Herzog, supra[359 Pa. 641, 60 A. 2d 37 (1948)]. The test in the court of common pleas is not whether the secretary abused his discretion but whether, from the evidence before the court, the license of the appellant should be suspended." 192 Pa. Superior Ct. 382-383, 162 A. 2d at 254. Furthermore, this Court in the case

of *Commonwealth v. Ross*, 6 Pa. Commonwealth Ct. 414, 296 A. 2d 291 (1972) stated: "The Commonwealth had the burden of proving by legal and competent evidence the convictions and correctness of the Secretary's computation or assessment of points. Commonwealth v. Hepler, 2 Pa. Commonwealth Ct. 516, 279 A. 2d 93 (1971). In Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968), the Superior Court set forth what evidence carries the Commonwealth's burden: 'At the hearing before the lower court the Commonwealth should produce the records of convictions received by the Department of Revenue [now Department of Transportation] from the magistrates and courts of record in the proper form, and the Secretary's record compiled therefrom which justified the suspension. If these documents show that the suspension was given in accordance with the mandate of section 619.1, the Commonwealth has produced a prima facie case for suspension.' 212 Pa. Superior Ct. at 368, 243 A. 2d at 469. Not having the report here sought to be introduced, we are unable to determine whether it was the evidence described in Virnelson or something other, properly rejected." 6 Pa. Commonwealth Ct. at 416-417, 296 A. 2d at 292-293.

Our review of the scant (six pages) transcript of the hearing held before the court below discloses that the Commonwealth did not offer one word of testimony, nor one iota of evidence in support of its burden of proving the basis for Lamb's suspension. A reading of Lamb's petition on appeal to the lower court does not substantiate or set forth sufficient detail to support the Commonwealth's contention that the Secretary of Transportation ever received a report of Lamb's conviction.

It should be pointed out that Lamb appeared before this Court in propria persona, and although he is not to be given any particular advantage because of his lack of knowledge of the law, we cannot ignore the Common-

wealth's flagrant disregard with respect to its responsibility to present sufficient evidence to make a prima facie case. This Court in *Commonwealth v. McAlarney*, 6 Pa. Commonwealth Ct. 480, 296 A. 2d 295 (1972) held that where the Commonwealth does not produce evidence showing the basis for the accumulation of the points, it has failed to meet its burden of proving the basis for the suspension, and, in such a case, the suspension must be reversed. Under the record made in this case, we have no doubt that if the Commonwealth had produced the necessary evidence to prove the basis for the suspension by the Secretary of Transportation, we would have reversed the court below. The Commonwealth, however, produced no such evidence, and therefore, there is nothing upon which the suspension can be founded.

In summary then, we hold that the court below erred with respect to the grounds on which it reversed the suspension of Lamb's motor vehicle operator's license. In light of the foregoing opinion, however, we must affirm the order of the lower court for the sole reason that the record does not support the suspension levied by the Secretary of Transportation. We therefore affirm the order of the lower court dated July 7, 1972.