## Commonwealth v. Lencovich

*Robert Lazorchick,* for appellant.

*Peter J. Comerota, Special Assistant Attorney General,* for Commonwealth.

HEIMBACH, P. J., July 16, 1974.—We have for disposition appellant's appeal filed November 28, 1973, from the Department of Transportation's order of October 29, 1973, suspending his operator's license for 60 days for speeding. We granted super-

sedeas and fixed January 8, 1974, to hear the matter. On January 7, 1974, we granted a continuance at the instance of the department because of illness of assigned counsel. On June 7, 1974, we set June 27, 1974, at 10 a.m. to hear the appeal, and gave notice on the same date by mail of such hearing to appellant and Peter J. Comerota, Special Assistant Attorney General, at the department's office in Scranton, Pa. Appellant appeared at the scheduled time, having flown in from Massachusetts. Appellee's counsel did not appear nor to this date has offered any explanation for such absence.

Since appellant's license was suspended because of a speeding conviction (six points) and his failure to attend driver improvement school (five points), which pushed the driver's point accumulation to eleven 11 points, we determined to hear the matter ex parte,[1] relying on Commonwealth v. Francis, 8 Pa. Commonwealth Ct., 479 (1973),[2] for authority to do so.

We are mindful, under the pronouncements in Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359 (1968), and Wall Motor Vehicle

---

[1] We advised appellant and his counsel, after a lengthy delay, that although we would grant a motion to sustain the appeal and set aside the suspension order, it was our opinion that the department would either appeal from such an order or move to have it vacated and accord it a hearing on the merits. Whereupon, counsel stated that the appellant, if allowed to testify, would prove that he had never been convicted of the charge of speeding. We agreed to hear the matter providing counsel waived proof by the department of appellant's conviction. Proof of the accumulation of points was not waived.

[2] A court, in its discretion, may hear an appeal from an order suspending a motor vehicle operator's license in the absence of the appellant who failed to appear despite adequate timely notice of and actual knowledge of the time and place of the hearing, and to proceed to trial under such circumstances is not error.

Operator License Case, 212 Pa. Superior Ct. 376 (1968), that relief may be granted to appellant only if he met the burden of proving (1) he was not convicted of the charge for which the suspension was imposed, or (2) the records of computation of the secretary are incorrect. This burden, however, arises after the Commonwealth has made out a prima facie case by producing the records of conviction received by the department from the magistrate and the secretary's records compiled therefrom which justified the suspension: Virnelson, supra.

From the testimony of appellant we find the following facts:

(1) That on March 1, 1973, he was issued a citation by a member of the Pennsylvania State Police, alleging a speeding violation in Canimaugh Township, York County, Pa.

(2) That pursuant to the "Instructions for Response by Mail" on the citation, he mailed the bottom portion to the issuing magistrate, Wilbur Kriner, enclosed the amount of fine and costs specified in the citation, plead not guilty, and requested a full hearing on the charges.

(3) That, in due course, he was advised by such magistrate by mail that a hearing date would be set and he would be notified.

(4) That without notifying appellant, as provided by Pa. Rule of Criminal Procedure 55, the magistrate conducted a hearing in the absence of appellant and adjudicated him guilty of speeding.

(5) That such record of conviction was returned to the department.

(6) That appellant first learned of his conviction beyond the appeal date, viz., June 19, 1973, when he was notified by the Department of Transportation that six points had been assessed against him for

speeding and that he was to attend Driver Improvement School at Hazleton, Pa., at a specified time.

We find that appellant's conviction was wrongfully brought about by the failure of the magistrate to notify appellant of the scheduled hearing date by certified mail, as required by Pa. R. Crim. P. 55.

We likewise find that the Department of Transportation was mandated under section 619.1 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §619.1, to assign to appellant six points upon receipt of a record of his conviction of the offense of speeding 11 to 15 miles over the speed limit.

In view of these findings, from the testimony of appellant that he was convicted, albeit improperly, in an appeal from suspension, we are precluded from determining whether appellant should have been convicted: Commonwealth v. James. 6 Pa. Commonwealth Ct. 493; Romm Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 369.

The court in James points out that an appeal from suspension is civil in nature, while a summary conviction is a criminal proceeding, and whether a conviction occurred should have been determined upon appeal within the time prescribed and may not be considered in a suspension appeal. Appellant's argument that he had not learned of his conviction until several months after the time to appeal from his conviction had passed, thus requiring the applicability of a different rule to accord him justice, is without legal merit. His legal remedy was to seek leave to appeal nunc pro tunc in the York County court. We, of course, are without jurisdiction to grant such leave.

Although appellee was not relieved in these proceedings from producing the secretary's record showing appellant's point accumulations, as is re-

quired to make out a prima facie case (Virnelson, supra), and for this reason we could enter an order sustaining appellant's appeal (Commonwealth v. Ross 6 Pa. Commonwealth Ct. 414), we need not resort to such reason, since we find from appellant's testimony that the assessment of the five additional points against him for failure to attend the driver improvement school was in error. Summarized, his testimony is this:

Following receipt of the letter from the secretary notifying him that six points had been assessed against him arising out of his conviction for speeding and a direction to attend the next driving improvement class, appellant called the Secretary of Transportation's office for advice concerning his conviction without notice. He was instructed to seek redress from the magistrate. Several days later, he received a letter from the department advising his attendance at improvement school was continued until the next session. Meanwhile, he learned from the magistrate the information set forth in finding of fact number 4, supra. Upon the magistrate's advice that he would stand on the record, appellant sought legal aid and notified the department that legal proceedings were being taken to set aside the conviction and requested a further continuance of the directive for improvement school attendance. This letter was not acknowledged. Within a short time thereafter, the complained of suspension order was entered.

It is our view that appellant, under the circumstances and notwithstanding the absence of an acknowledgment to his letter requesting a continuance, did reasonably infer that such continuance had been granted, and that the secretary erred in assessing five points against appellant without first ad-

vising him that his request for a continuance was denied.

Wherefore, appellant's appeal is sustained and the secretary's order of suspension of appellant's privilege to operate a motor vehicle is vacated, and such five points assessed for appellant's failure to attend driver improvement school are stricken from appellant's record, and shall only be assessed against him arising out of subject conviction upon his failure to attend driver improvement school after reasonable notice to do so.

Costs on appellant.