Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Charles A. Gallagher, Appellee.

Submitted on briefs June 6, 1984, to Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*J. Matthew Wolfe,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Douglas A. Gifford, Clemens, Nulty and Gifford,* for appellee.

OPINION BY JUDGE BARRY, August 16, 1984:

The Pennsylvania Department of Transportation, Bureau of Traffic Safety (DOT), appeals from an order of the Court of Common Pleas of Montgomery County which sustained an appeal by Charles Gallagher dismissing the suspension of his operator's license imposed by DOT.

DOT suspended Mr. Gallagher's driver's license under Section 1539 of The Vehicle Code (Code), 75 Pa. C. S. §1539, which governs suspensions based on accumulation of points. The notice to Mr. Gallagher stated that "as a result of" a violation of Section 3361 of the Code on August 12, 1982, two points more were assigned to his record for a total of twelve points. An accumulation of eleven points or more, under Section 1539 of the Code, results in suspension of one's operator's license.

Mr. Gallagher appealed to the Montgomery County Court of Common Pleas. DOT sought introduction of certified records which documented Mr. Gallagher's point accumulation. Mr. Gallagher objected to admission of a record that assigned him five points for a violation which occurred September 10, 1982. He argued that the notice of the suspension referred to the August 12, 1982 violation and any subsequent violation was irrelevant to the suspension hearing. DOT's counsel agreed at the hearing that he would have to demonstrate that Mr. Gallagher had accumulated twelve points and that the August 12, 1982 violation created this point total. He conceded that Mr. Gallagher had accumulated only seven points as of August, 1982. On this basis, the trial court sustained Mr. Gallagher's appeal. It reasoned that because DOT did not show an accumulation of eleven points as mandated by Section 1539 of the Code, it failed to prove the correctness of its computation for suspension of an operator's license.

DOT argues that although it does not assign points chronologically based on the date of a violation, it has assigned the points in a timely fashion under Section 1535(c) of the Code which requires the assignment of points within six months. Apparently, points for Mr. Gallagher's September 10, 1982 violation were assigned on November 24, 1982, whereas points for his

August 12, 1982 violation were assigned on December 9, 1982. DOT asserts that this method is proper and that the record indicated that Mr. Gallagher had accumulated twelve points which warrants suspension of his driver's license. We are unpersuaded by these arguments and, therefore, agree with the trial court.

DOT had the burden of proving the correct computation of points in a license suspension hearing. *Department of Transportation, Bureau of Traffic Safety v. Shisslak*, 12 Pa. Commonwealth Ct. 168, 316 A.2d 684 (1974). DOT sent a notice to Mr. Gallagher which informed him that he had been assigned points "as a result of" the August 12, 1982 violation and that his license would be suspended because he had accumulated twelve points. DOT had to prove that the August 12, 1982 violation created the requisite number of points for suspension but failed to do so.

We, therefore, conclude that DOT did not meet its burden of proving Mr. Gallagher's convictions and the correctness of its computation of points. Accordingly, we affirm the trial court.

ORDER

Now, August 16, 1984, the order of the Court of Common Pleas of Montgomery County, dated March 14, 1983, at No. 83-740, is affirmed.