Christopher R. ZAWACKI, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 3, 1999.

Decided Feb. 1, 2000.

Before PELLEGRINI, J., FRIEDMAN, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Christopher R. Zawacki (Licensee) appeals from the order of the Court of Common Pleas of McKean County (trial court) that dismissed Licensee's appeal of the one-year suspension of his operating privilege by the Department of Transportation, Bureau of Driver Licensing (Department).

By official notice mailed July 8, 1998, the Department suspended Licensee's operating privilege for one year based upon his conviction in New York for an offense which the Department deemed to be equivalent to a conviction under Section 3731(a) of the Vehicle Code (Code), 75 Pa.C.S. § 3731(a) (driving under the influence of alcohol).[1] Licensee appealed to the trial court, arguing that his conviction under New York law for "Driving While Ability Impaired" was for an offense that is not substantially similar to Section 3731(a) of the Code. A hearing was scheduled for March 15, 1999, at 9:00 a.m. On that date, neither Licensee nor his counsel appeared. Upon motion by the Department, the trial court dismissed Licensee's appeal.[2]

In the present appeal, relying in part on *Scott v. Department of Transportation, Bureau of Driver Licensing,* 730 A.2d 539 (Pa.Cmwlth.1999), Licensee argues that the trial court committed an error of law when it dismissed his statutory appeal without first requiring the Department to

Dennis Luttenauer, Kane, for appellant.

Matthew X. Haeckler and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellee.

1. Article IV of the Driver License Compact, Section 1581 of the Code, 75 Pa.C.S. § 1581, requires the Department to give the same effect to conduct reported by a party state as it would if the conduct had occurred in Pennsylvania.

2. On March 23, 1999, Licensee filed a Motion to Reinstate Petition for Review and for New Trial (Motion). In that Motion, which both parties agree should have been titled Motion for Reconsideration, Licensee alleged that a copy of the order scheduling the hearing had been sent to his counsel, who had failed to enter the hearing date on his calendar or to

notify Licensee of the hearing. Licensee also alleged that he had a meritorious defense to the suspension. By order dated March 29, 1999, the trial court scheduled argument on Licensee's Motion for June 14, 1999. On April 14, 1999, Licensee filed an appeal with this Court, challenging the trial court's dismissal of his case. By order dated June 14, 1999, the trial court dismissed Licensee's Motion as moot, based upon Licensee's appeal to this Court and the trial court's failure to act on the Motion within the time required. Licensee has not appealed from the trial court's June 14th order.

present evidence in support of the suspension. We agree.

■ It is well-settled that in an appeal to the court of common pleas from a suspension of a driver's license, the initial burden of proof is on the Department to produce a record of the convictions which support the suspension. *Id.* In the present case, the Department bore the additional burden of proving that Licensee's May 27, 1998, conviction in New York was for an offense substantially similar to a Pennsylvania conviction under Section 3731(a) of the Code. *Id.* Licensee points out that this Court has previously held that New York's "Driving While Ability Impaired" statute is not substantially similar to Section 3731(a) of the Code. *Petrovick v. Department of Transportation, Bureau of Driver Licensing,* 713 A.2d 176 (Pa.Cmwlth.1998), affirmed, 557 Pa. 634, 732 A.2d 618 (December 13, 1999 Pa. LEXIS 3663).

The Department counters that, as Licensee failed to appear at the hearing, he failed to raise and preserve any issue for this Court. Pa. R.A.P. 302(a). Relying on *Koller v. Department of Transportation, Bureau of Driver Licensing,* 682 A.2d 82 (Pa.Cmwlth.1996) and *Blair v. Zoning Hearing Board of Pike,* 676 A.2d 760 (Pa. Cmwlth.1996), the Department asserts the trial court was within its discretion to dismiss the appeal without a hearing because Licensee had an obligation to prosecute his appeal and failed to appear at the hearing. These cases are factually distinguishable, however, as both involve a lack of docket activity for more than two years. The Department's reliance on *Francis v. Department of Transportation, Bureau of Traffic Safety,* 8 Pa.Cmwlth. 479, 303 A.2d 581 (1973), is similarly misplaced; the *Francis* court held that the trial court did not abuse its discretion by allowing the Department to present its case in the absence of the licensee, who provided no explanation for his failure to appear.

■ Indeed, in *Francis,* the court proceeded to trial in the licensee's absence, but the Department produced evidence that the licensee had refused to submit to a chemical test of his blood. In this case, the Department moved at the outset to dismiss Licensee's appeal by reason of his failure to appear. The trial court granted the dismissal without requiring the Department to produce any evidence of Licensee's New York conviction. This is contrary to the practice approved in *Francis.* Moreover, while an appellate court can disregard a question on the ground that it was not called to the attention of the court below, it may give it consideration where it involves the proper practice to be followed. 16 Standard Pa. Practice 2d § 91.4 (1999).

■ Although a license suspension case is a civil proceeding, the Pennsylvania Rules of Civil Procedure do not govern statutory appeals, *Shaw v. Department of Transportation, Bureau of Driver Licensing,* 122 Pa.Cmwlth. 636, 553 A.2d 108 (1989), and counsel for the parties have cited no controlling case authority in this matter. But Pa. R.C.P. No. 218(b)(1) provides, if without satisfactory excuse a defendant is not ready, where a case is called for trial, the plaintiff may proceed to trial. We believe that a similar practice rule requiring the Department to present a *prima facie* case should apply in this case, and we so hold.

We are not persuaded by the Department's argument that judicial efficiency compels dismissal of the case under these circumstances. Because the Department bears the burden of proof in a statutory appeal, it is possible that a Licensee may prevail without presenting any evidence whatsoever.

Accordingly, we reverse the trial court's order dismissing this case and remand the matter to the trial court for a *de novo* hearing.

## ORDER

NOW, February 1, 2000, the order of the Court of Common Pleas of McKean County, dated March 15, 1999, in the above-captioned matter, is reversed and the matter is remanded to the trial court for a *de novo* hearing.

Jurisdiction relinquished.