J-S39027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE:  ESTATE OF CATHERINE METZ | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF:  STEVEN BRUNGARD | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 540 MDA 2022 |

Appeal from the Orders Entered December 23, 2021
In the Court of Common Pleas of Mifflin County Orphans' Court at No(s):
44-11-215

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JANUARY 11, 2023**

Steven Brungard (Appellant) purportedly appeals *pro se* from two orders, both dated December 21, 2021, that were issued by the Orphans' Court Division of the Court of Common Pleas of Mifflin County.  The two orders relate to distributions to Richard Metz (Richard) and Rose Marie Metz (Rose) from the Estate of Catherine Metz (Decedent), Richard's and Rose's mother.  Following review, we affirm.

During her lifetime, Decedent established an intervivos revocable trust setting forth distributions that were to be made upon her death to her children, Rose and Richard.  Decedent amended the trust three times before she died in 2011.  Rose and Richard were alive when Decedent died and, therefore, pursuant to the terms of the trust, were the sole remainder beneficiaries.  Rose died in 2018 and Richard died in 2020.  Richard is survived by his wife,

Corrine Besser (Richard's Wife), the petitioner below. Appellant, who is currently incarcerated, claims he is Rose's common-law husband.

Because Appellant allegedly filed an informal claim against Rose's estate as her common-law husband, Richard's Wife filed a petition for declaratory judgment for a determination of the appropriate trust distributions in the underlying administration of Decedent's estate. The Orphans' Court subsequently scheduled a hearing on the common-law marriage issue.

Following that hearing, the Orphans' Court issued two orders, both dated December 21, 2021. One of the orders, docketed on December 22, 2021, but time stamped December 21, 2021, granted Richard's Wife's petition for declaratory judgment, specifically stating that Rose's four vested payments would pass to her brother Richard's estate. The second order, docketed on December 23, 2021, granted Richard's Wife's request for a demurrer, which was requested orally at the December 21, 2021 hearing. *See* N.T., 12/21/2021, at 19. Richard's Wife's request for the demurrer was based on the fact that Appellant had not established that a common-law marriage existed between him and Rose. Appellant presented no documentation or testimony other than his own. As a result, the Orphans' Court concluded that Appellant had failed to meet the burden of proving the existence of a common-law marriage, *i.e.*, the demurrer was granted due to an insufficiency of evidence. *Id.* at 20. Thus, it is evident that both orders result in a conclusion that Richard's Wife is the recipient of Decedent's estate as stated in the order granting Richard's Wife's petition for a declaratory judgment. On April 5,

2022, Appellant filed one notice of appeal stating that he was appealing from the two orders dated December 21, 2021, and entered respectively on December 22, 2021, and December 23, 2021.

Before we may address the merits of Appellant's appeal, we must determine whether his appeal should be quashed. In fact, this Court entered an order directing Appellant to show cause why the appeal should not be quashed because his notice of appeal was untimely and because he filed one notice of appeal from two orders. Appellant responded that his lack of access to the prison library caused his untimeliness and that the order granting the demurrer forms the basis for the order granting the declaratory judgment.

In requesting the quashal of the appeal, Richard's Wife claimed that Appellant's lack of access to the prison library does not excuse the untimeliness. However, in reviewing the Orphans' Court docket, we note that it did not contain the requisite Orphans' Court Rule 4.6 notice[1] and, therefore,

_____

[1] Orphans' Court Rule 4.6, entitled "Notice of the Date of Entry of an Adjudication or Court Order on the Docket," states:

(a) The clerk shall immediately give written notice of the entry of an adjudication or court order in a particular matter to each interested party's counsel of record or, if unrepresented to each interested party. The notice shall include a copy of the adjudication or court order.

(b) The clerk shall note in the docket the date when notice was given to the interested party or to his or her counsel under subparagraph (a) of this Rule.

**See also** Pa.R.Civ.P. 236.

the time for filing an appeal had not yet begun to run, *i.e.*, quashal based on untimeliness would not be appropriate.

Next, we address whether the one appeal from the two orders may go forward, because, generally, taking one appeal from separate final orders is not an acceptable practice and is discouraged. ***See General Electric Credit Corp.***, 263 A.2d 448, 452 (Pa. 1970).[2] However, "appellate courts have not generally quashed [such] appeals, provided that the issues involved are nearly identical, no objection to the appeal has been raised, and the period for appeal has expired." ***In the Interest of P.S.***, 158 A.3d 643, 648 (Pa. Super. 2017) (quoting ***K.H. v. J.R.***, 826 A.2d 863, 870 (Pa. 2003)). Here, the issues are intertwined, Richard's Wife did not object to the single appeal from the two orders, and at this point the appeal has been filed. Thus, we decline to quash Appellant's appeal.

We now turn to the merits of Appellant's appeal. In his brief, Appellant sets forth the following seven issues for our review:

> 1. Did the lower [c]ourt err by allowing me to answer a petition for declaratory judgment without having a copy of the petition?

---

[2] We note that both orders at issue here are final, appealable orders. Specifically, the order granting Richard's Wife's petition for declaratory judgment and directing that Rose's vested payments be distributed to Richard's estate is appealable pursuant to Pa.R.A.P. 342(a)(1) (permitting appeal from Orphans' Court order directing distribution from a trust). The order granting the demurrer is appealable pursuant to Pa.R.A.P. 342(a)(5) (permitting appeal from Orphans' Court order determining the status of beneficiaries).

2. Did the lower [c]ourt err by interpreting my answer to the petition as a petition for status as a common law spouse to Rose Marie Metz?

3. Did the lower [c]ourt err by not determining if I had counsel, if I had ability to represent myself, if I had sufficient time to recover essential documents, schedule witnesses[,] without guidance or assistance for presenting witnesses and gathering documents, appointing counsel?

4. Did the lower [c]ourt err by ordering me to attend a hearing for common law status which I did not request nor consent to?

5. Did the lower [c]ourt err by claimg [*sic*] jurisdiction over the estate of Rose Marie Metz who died in Cumberland County as a long[-]term resident, taxpayer and joint owner of real estate with Steven Brungard at 1 East Manor Avenue, Rear, Enola, Pennsylvania?

6. Did the lower [c]ourt abuse its power by allowing prejudicial, inflamatory [*sic*] irrelevancies into the record?

7. Did the lower [c]ourt err by not asking me if I wanted to litigate in Mifflin County or in Cumberland County nor discussing elements of jurisdiction with me?

Appellant's brief at 5.

In reviewing these issues, we begin by setting forth our standard of review.

> Our standard of review of the findings of an Orphans' Court is deferential.
>
> > When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.

> However, we are not constrained to give the same deference to any resulting legal conclusions.
>
> *In re Estate of Harrison*, 745 A.2d 676, 678-79 (Pa. Super. 2000), *appeal denied*, 563 Pa. 646, 758 A.2d 1200 (2000) (internal citations and quotation marks omitted). "The Orphans' Court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law." *In re Estate of Luongo*, 823 A.2d 942, 951 (Pa. Super. 2003), *appeal denied*, 577 Pa. 722, 847 A.2d 1287 (2003).

*In re Fiedler*, 132 A.3d 1010, 1018 (Pa. Super. 2016) (quoting *In re Estate of Whitley*, 50 A.3d 203, 206-07 (Pa. Super. 2012)).

We have reviewed the certified record, the briefs of the parties, the applicable law, and the thorough opinion authored by the Honorable David W. Barron, President Judge of the Orphans' Court Division of the Court of Common Pleas of Mifflin County, dated April 29, 2022. We conclude that Judge Barron's well-reasoned opinion appropriately disposes of the issues presented by Appellant and his accompanying arguments, which are essentially attacking the findings and credibility determinations of the court. *See Fiedler, supra*. Accordingly, we adopt Judge Barron's opinion as our own and affirm the orders from which Appellant appealed.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2023

IN THE COURT OF COMMON PLEAS OF MIFFLIN COUNTY, PENNSYLVANIA

IN RE:                                           :                    No. 44-11-215
                                                 :
ESTATE OF CATHERINE M. METZ                      :
                                                 :

### Statement in Compliance with Pa. R.A.P. 1925

AND NOW, this 29TH day of April, 2022, having reviewed the docket entries and
Appellant's Concise Statement of Matters Complained of On Appeal Pursuant to Pa.R.A.P.
1925, this Court addresses Appellant's issues below[1].

I. **Did the lower court err by allowing me to answer a petition for declaratory judgment
without having a copy of the petition?**

Appellant did not ask this Court for the copy of the Petition. In fact, in Appellant's letter
dated September 23, 2021, to Barbara Stinger, former Register and Recorder, Appellant did not
ask for a copy of the Petition. Rather Appellant asked Barbra Stringer, former Register and
Recorder, to inform this Court of his incarcerated status, that he would like an opportunity to
respond via mail, and that he was obtaining a copy of the Petition from Katelyn Rohrbaugh,
Esq., who he believed to be Petitioner's attorney.

On October 4, 2021, Appellant filed a letter that he deemed to be a "response to a Petition
for Declaratory Judgment" in which he asserted he was the Common Law Spouse of Rose Marie

---

[1] This Court notes that there was an administrative issue with Appellant's appeal which resulted in this Court not issuing a
formal 1925 Order to Appellant. This Court instead used Appellant's issues laid out in his brief to the Superior Court as
Appellant's Concise Statement of Matters Complained on Appeal to write its Opinion, as to not delay the Superior Court any
longer.

1

Metz, leading this Court to believe he had in fact received a copy of the Petition. At no point did Appellant during the December 21, 2021 hearing mention not having a copy of the Petition, and this Court additionally provided the transcript of the September 30, 2021 hearing to Appellant, so he would be adequately prepared for the subsequent hearing.

**II. Did the lower court err by interpreting my answer to the petition as a petition for status as a common law spouse of Rose Marie Metz?**

This Court did not treat Appellant's Answer to the Petition as a Petition for status as a common law spouse, rather this Court treated Appellant's Answer to the Petition as an Answer. This Court had to determine if Appellant's position that he was indeed Rose Marie Metz's common law spouse to determine if Appellant had standing in the instant case. Appellant having provided no evidence to this Court that he was indeed Rose Marie Metz's common law spouse, this Court did not rule in Appellant's favor.

**III. Did the lower court err by not determining if I had counsel, if I had ability to represent myself, if I had sufficient time to recover essential documents, schedule witnesses, without guidance or assistance for presenting witnesses and gathering documents, appointing counsel?**

In issue three, Appellant apparently takes issue with this Court not providing counsel for Appellant, and not performing a colloquy on Appellant's desire to represent himself, or his ability to represent himself. As Appellant is not a minor nor is he an incapacitated person, Appellant is not entitled to court appointed counsel in this proceeding.

2

Had Appellant filed at any time a Motion for Continuance to obtain counsel, it is this Court's routine practice to grant such motions, but Appellant neither filed a motion nor made an oral request at the hearing asking for such.

**IV. Did the lower court err by ordering me to attend a hearing for common law status which I did not request nor consent to?**

Appellant was not forced to attend a hearing for the Petition for Declaratory Judgement, nor was he transported against his will. Appellant was set up to attend the hearing via video conference. Appellant in a filing dated September 23, 2021, stated in pertinent part "The cost of having the Pa. Dept. of Corrections transport me to and from the hearing beyond my ability to pay..." This Court did not order a fetch for Appellant to be transferred and instead set Appellant up via video conferencing via PolyCom, and if Appellant did not want to attend, Appellant was never under obligation by this Court to attend said hearing.

**V. Did the lower court err by claiming jurisdiction over the estate of Rose Marie Metz who died in Cumberland County as a long term resident, taxpayer and joint owner of real estate with Steven Brungard at 1 East Manor Avenue, Rear, Enola, Pennsylvania?**

This Court did not handle the Estate of Rose Marie Metz. The only mention of Rose Marie Metz's estate was during a hearing on September 30, 2021, was that Rose Marie Metz's estate should be handled in Cumberland County, Pennsylvania. The declaratory judgment granted by this Court was for the irrevocable trust of the deceased Catherine M. Metz, as it

3

related to Catherine M. Metz's deceased children, R. Thomas Metz, and Rose Marie Metz. To this Court's knowledge, Rose Marie Metz died intestate and no estate has been opened at time of hearing.

**VI. Did the lower Court abuse its power by allowing prejudicial, inflammatory irrelevancies into the record?**

Appellant alleges this Court allowed prejudicial, inflammatory irrelevancies into the record because this Court discussed Appellant's incarceration. This Court can only assume Appellant is referencing mentions by this Court and opposing counsel of Appellant's state sentence. During the September 30, 2021, this Court specifically stated that Appellant's sentence was likely irrelevant. During the December 21, 2021 hearing, this Court again questioned the relevance of mentioning Appellant's sentence, to which opposing counsel stated it was in reference to a *crimen falsi* crime to undercut Appellant's testimony. Further, Appellant was not prejudiced by these brief discussions of Appellant's criminal activity and length of Appellant's sentence. This Court made it clear to Appellant that this Court could not rule in his favor because he failed to provide any evidence of his common law spousal status during the hearing.

**VII. Did the lower court err by not asking me if I wanted to litigate in Mifflin County or in Cumberland County nor discussing elements of jurisdiction with me?**

This Court is under no obligation to discuss jurisdiction with Appellant. It is well-settled that "any layperson choosing to represent themselves in a legal proceeding must, to some reasonable extent, assume the risk that their lack of expertise and legal training will prove their

4

undoing." *Vann v. Com., Unemployment Compensation Bd. Of Review*, 494 A.2d 1081, 1086 (Pa. 1985); *see Mueller v. State Police Headquarters*, 532 A.2d 900, 902 (Pa. Cmwlth. Ctr. 1987) (*citing* Com. v. Lamb, 316 A.2d 148 (Pa. Cmwlth. Ct. 1974)) ("While pleadings filed by pro se litigants are to be construed liberally, a pro se litigant is not to be given any particular advantage because of his lack of knowledge of the law.").

Appellant proceeded in this matter pro se, and while this Court liberally construed his pleadings in this case, and in turn, gave Appellant an opportunity to prove his standing in this matter, this Court cannot and will not educate Appellant on the law, and act as Appellant's counsel.

As Appellant's Statement of Matters Complained on Appeal are without merit, this Court respectfully requests the Superior Court of Pennsylvania affirm.

BY THE COURT:

DAVID W. BARRON
PRESIDENT JUDGE

c:  ✓ Justin Tomevi, Esq.
    ✓ Alex Snyder, Esq.
    ✓ MacGregor J. Brillhart, Esq.
    ✓ Steven R. Brungard
    _ File

Dist ed 4-29-22

2022 APR 29 AM 9: 32
ELLEN L. AMSPACKER
REGISTER & RECORDER
CLERK OF ORPHANS COURT
FILED
MIFFLIN COUNTY

5