# Simon *v.* New York Life Insurance Company, Appellant.

*Insurance—Life insurance—Misstatement as to age—Evidence— Sworn statement in judicial proceedings—Pedigree—Words and phrases—Declaration against interest.*

The term "pedigree" embraces not only descent and relationship, but also the facts of birth, marriage and death and the time when these events happened.

The declaration of a man as to the date of his birth, and, consequently, as to his age at a given time should, in reason, have the same effect as his like declarations on the identity of his father and mother, or his relationship to any given person.

In an action upon a life insurance policy where the company defends on the ground that the insured had materially misstated his age at the time he applied for the policy, it is proper to admit in evidence the record of a suit instituted by the insured three years before he applied for the policy against a son for support, in which he swore to a statement as to his age which would have made him seventy-four years of age at the time he applied for the policy, instead of fifty-six years, the age which he set out in his application for the policy. Such evidence should not be rejected because it is not a declaration against interest.

Argued April 23, 1918. Appeal, No. 35, April T., 1918, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1916, No. 1790, on verdict for plaintiff in case of Zelda Simon v. New York Life Insurance Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD and TREXLER, JJ. Reversed.

Assumpsit upon a policy of life insurance. Before EVANS, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,427.89. Defendant appealed.

408, (1918).]   Assignment of Error—Arguments.

*Error assigned* was the ruling on evidence sufficiently referred to in the opinion of the Superior Court.

*Allen T. C. Gordon,* of *Gordon & Smith,* with him *James H. McIntosh,* for appellant.—Declarations regarding "pedigree" included declarations as to age generally: Metropolitan Life Ins. Co. v. O'Grady, 115 Va. 830; Mutual Life Ins. Co. v. Blodgett, 8 Texas Civil Appeals 45; Taylor v. Grand Lodge A. O. U. W., 101 Minn. 72; Terwillinger v. Industrial Benefit Assn., 90 N. Y. Supreme Ct. 320; American Life Ins. Co. v. Rosenagle, 77 Pa. 507; Carskadden v. Poorman, 10 Watts 82.

No difference exists as to declarations of deceased persons whether they relate to third persons or to themselves and a declaration of decedent regarding his own age is equally admissible as evidence as is a declaration of a mother regarding the age of her child: Watson v. Brewster, 1 Pa. 381; Mutual Life Insurance Co. v. Blodgett, 8 Texas Civil Appeals Reports 45: Houlton v. Manteuffel, 51 Minn. 185; Harvick v. Modern Woodmen, 158 Ill. 570; Dillon v. Mutual Reserve Fund Life Assn., 23 Canadian Law Times 86.

*Joseph Stadtfeld,* with him *B. A. Wintermitz,* for appellee.—There is no legal identity of interest or estate between the insured and the plaintiff, which would make the declarations of the former admissible to affect plaintiff's rights: Hermany v. Fidelity Mut. Life Ins. Assn., 151 Pa. 17; Arnold v. Metropolitan Life Ins. Co., 20 Pa. Superior Ct. 61; Oplinger v. New York Life Ins. Co., 253 Pa. 328; Ellis v. Metropolitan Life Ins. Co., 18 Dist. 501.

The declarations of a party whose age is in question are not within the exception under which hearsay evidence is admissible: Ellicott v. Pearl, 10 Pet. 412; Whitelock v. Baker, 13 Ves. 514; Berkeley Peerage Co., 4 Camp. 401; American Life Ins. Co. v. Rosenagle, 77 Pa. 507.

OPINION BY HEAD, J., October 12, 1918:

The policy of insurance sued on does not contain an absolute and unqualified obligation to pay a fixed and definite sum of money on the death of the insured. The policy issued in 1911. It was based on a written application made by the insured in which he declared that the date of his birth was 25th February, 1855, and that his age on his nearest birthday was or would be fifty-six years. The defendant company adopted that statement as true and declared in the policy itself that it was issued to the insured whose age was fifty-six years.

Now, the policy contained this qualification of the primary covenant to pay with which it begins: "If the age of the insured has been misstated the amount payable hereunder shall be such as the premium paid would have purchased at the correct age rated-up by seven years." In order, therefore, to determine the true amount of the defendant's obligation upon the death of the insured it became necessary to ascertain what his age was at the time the policy issued. He died in 1915. The company not denying its liability to pay the real sum due, measured by the terms of the policy, contended by way of defense that the insured had materially misstated his age at the time he applied for the policy and that as a consequence, at the date of his death, he was not merely sixty years of age or thereabouts but was, in fact, seventy-four years of age. By reason of this alleged fact it would therefore be indebted to him, or his beneficiary, in a very much smaller sum than that which was claimed. As this sum was promptly paid, it disappears from the controversy. Evidence was admitted at the trial tending to show that the actual age of the deceased was about what the insurance company claimed it to be. In the course of the trial the defendant offered, an exemplification of the record of a certain proceeding in the Court of Quarter Sessions of Lawrence County, which contained, inter alia, an affidavit made by the assured himself in 1908 that he was not born in 1855 and

was not fifty-six years of age at the time of his application but about seventy-four years of age. The proceeding in question had been begun by him to compel some provision for his support to be made by one of his children. In the affidavit which he filed to set the machinery of the law in motion he declared he was "aged seventy-one years, unable to work and without support," etc. The learned trial judge rejected this offer of proof for the reason contained in the ruling which was as follows: "The objection is sustained for the reason that the declaration is not a declaration against interest; the other objections are overruled. Exception noted." The rejection of this offer of proof constitutes the sole assignment of error.

We may agree with the learned judge below the declaration of the deceased, made in 1908, was not a declaration against interest because it was made several years before he had entered into the contract of insurance which is the subject-matter of this controversy. Does it follow as a consequence from that statement that the declaration must necessarily have been rejected on all grounds? Declarations against interest form but a single class of the larger family of declarations which have long been regarded as valuable evidence, even though they constitute exceptions to the rule which rejects evidence originating in hearsay. Declarations of proper parties concerning pedigree, family relationship, dates of birth, marriage and death and the like have long been considered in this State as within the exception to the rule. Whilst there are jurisdictions which confine the exceptions, generally classed under the expression "Pedigree," to those involving only matters of descent and relationship, the courts generally and, our own among them, have given a wider and more liberal interpretation to the term. The declaration of a man as to the date of his birth and, consequently, as to his age at a given time should, in reason, have the same effect as his like declarations on the identity of his father and

mother or his relationship to any given person and so it has been held by authority that cannot be gainsaid. In Greenleaf on Evidence, Vol. I, Sec. 104, it is said: "The term pedigree however embraces not only descent and relationship but also the facts of birth, marriage, and death and the time when these events happened." In American Life Insurance Company v. Rosenagle, 77 Pa. 507, our own Supreme Court adopts with approval the very language just quoted. If, therefore, upon the trial of an issue, during the lifetime of the insured, his own age had become material to the issue and his presence as a witness could not be secured, the fact could have been established by his own declarations on the subject although testified to by third persons. On what principle then may it justly be said that when he had made a solemn affidavit which was to become the foundation of a judicial proceeding to coerce his own son to discharge his filial obligation, such declaration could be either irrelevant or inadmissible in the determination of an issue turning solely on the question of his age? The principle is well stated in Houlton v. Manteuffel, 51 Minn. 185, in this language: "The date of a person's birthday may be testified to by himself or by members of his family, although he must and they may know the fact only by hearsay based on family tradition." In Harvick v. Modern Woodmen of America, 158 Ill. App. Ct. 570, the court said: "We do not think the court erred in permitting the plaintiff to testify as to the age and date of the birth of the assured but we think it was competent for the plaintiff to testify that the assured said about ten years before he applied for the certificate in question he was born March 2, 1859. It is true that what his brother said in that regard was hearsay testimony. Pedigree and family history may be proved by hearsay evidence."

The evidence furnished by the rejected affidavit surely would have been relevant and material to the issue on trial. It belonged to that class of declarations to the admission of which the objection of "hearsay" cannot

successfully be interposed. Whether it was against interest or colorless on that point was not the controlling question. So it was said in Harvick v. Woodmen, supra, "The declaration of the assured, at the time the family record was destroyed, some ten years before he applied for this certificate, that he was born March 2, 1859, was neither self-serving nor disserving so far as he could then discern. If made it must have been made without any thought of any possibility of it ever affecting him or any one claiming through him in a law suit. It was admissible." We may add its probative value would of course be for the jury. Without attempting further to review the many decisions which appear in the brief of the able counsel for appellant we content ourselves by saying that we are constrained to conclude the learned trial judge fell into error in rejecting the offer made by the defendant. Nor do we think, in so holding, we in any way run counter to the doctrine of the case of Oplinger v. New York, Life Insurance Company, 253 Pa. 328. In that case the declarations sought to be given in evidence were made long after the policy of insurance had been delivered and made effective. They related to the state of health of the assured and on a subject so uncertain they fall far short of the weight attached by the law to declarations coming under the head of pedigree. In other respects it appears to us they were not in the class of the declaration made by the insured in the case at bar. For the reasons outlined in this opinion we conclude the defendant was entitled to have had his offer admitted so that the jury might give it proper consideration in determining their verdict.

The judgment is reversed and a venire facias de novo awarded.