Opinion by
 

 Rhodes, J.,
 

 This action in assumpsit was instituted by plaintiff, the beneficiary, upon a policy of insurance issued by defendant to insured on October 16, 1939, who died on October 28, 1939. His insuring, age was seventy, and the amount of insurance $270. According to insured’s signed application, a copy of which was attached to the policy, he was born on December 28, 1869, so that his age at his next birthday would have been seventy. The policy contained a clause which provided that: “If the age of the Insured is misstated herein, the amount payable hereunder will be such as the premium paid hereon would have purchased at the correct age, and the non-forfeiture values and all other benefits shall be based on such correct age and
 
 *298
 
 modified amount of insurance.” The policy also contained a double indemnity clause, the relevant portions of which read as follows: “Upon receipt of due proof that the death of the Insured occurred during the continuance of this Policy after the attainment of age 15 but prior to the attainment of age 70......as a result, directly and independently of all other causes, of bodily injuries, effected solely through external, violent and accidental means, of which, except in case of drowning or of internal injuries revealed by an autopsy, there is a visible contusion or wound on the exterior of the body, and that such death occurred within ninety days after the accident, the Company will pay, subject to the provisions of this Policy, an additional death benefit equal to the amount of insurance specified in the Schedule on the first page hereof, ...... Provided, however, that no additional benefit shall be payable if such death resulted...... (f) directly or indirectly from bodily or mental infirmity or disease in any form.” Defendant paid plaintiff $238 after making the deductions authorized by the misstatement of age clause. Plaintiff claimed the face amount of the policy together with benefits of double indemnity as the result of insured’s death by accidental means as defined therein. Defendant alleged that insured was born on November 28, 1866, and was therefore three years older than his stated age; defendant denied liability under the policy for accidental death benefits payable only if insured’s death resulted from bodily injuries prior to the attainment of age seventy. The case was tried by a judge of the municipal court without a jury, who found in favor of plaintiff for the amounts claimed. After motions for judgment n.o.v. and a new trial had been overruled, judgment was entered on the finding. This appeal was then taken by defendant.
 

 The pleadings raised two principal issues: (1)
 
 *299
 
 Whether insured was less than seventy years of age at the time of his death; (2) whether insured died of bodily injuries, effected solely through external, violent, and accidental means as defined in the policy.
 

 Plaintiff had the burden of establishing both facts.
 

 Appellant complains that the trial judge excluded offered testimony to show that insured’s death occurred after the age of seventy. The trial judge should have permitted appellant to submit relevant and competent evidence as to insured’s age, and his failure to do so constitutes reversible error. The introduction of evidence at the trial of a case before a judge without a jury is governed by statutes, rules, and principles relating to trials in general. 6 Standard Pa. Prac. §20, p. 437. Appellant called as a witness a brother of insured, and made an offer as to what it proposed to prove by this witness as to the exact age of insured. Objection to the offer was sustained on the ground that there were documents in evidence which established that deceased would have been seventy years of age at his next birthday, and that appellant was bóúnd thereby. Such statements of insured as to his own age were not binding upon appellant. If the testimony of the witness measured up to the offer of proof it was competent. The excluded evidence which thus ought to have been admitted would have sustained findings in appellant’s favor, and the ruling of the trial judge was therefore such error as to necessitate a new trial.
 
 Liggett’s Petition,
 
 291 Pa. 109, 119, 139 A. 619.
 

 Upon the other issue plaintiff had the burden : of proving that insured’s death occurred “as a result, directly and independently of all other causes, of bodily injuries, effected solely through external, violent and accidental means,” as well as that such death did. not result “directly or indirectly from bodily or mental infirmity or disease in any form.”
 
 Real Estate Trust
 
 
 *300
 

 Company of Philadelphia, Trustee, v. Metropolitan Life Insurance Co.,
 
 340 Pa. 533, 545, 17 A. 2d 416;
 
 Johnson v. Kentucky Central Life & Accident Ins. Co.,
 
 144 Pa, Superior Ct. 116, 124, 18 A. 2d 507. The evidence offered in this respect was very meager. Plaintiff and his wife merely testified that insured fell down a flight of steps and died ten minutes later. There was no medical testimony, and there was no autopsy. There was no evidence of “a visible contusion or wound on the exterior of the body” of insured.
 

 However, the grant of a new trial means a new trial of the whole case.
 
 Schofield v. Schofield,
 
 124 Pa. Superior Ct. 469, 480, 189 A. 572.
 

 Judgment is reversed, and a new trial awarded.