Hervitz, Appellant, *v.* New York Life Insurance Co.

Argued March 10, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Solomon Hurwitz,* with him *Macey E. Klein,* for appellant.

*Douglass D. Storey,* with him *John H. Moody, Ferdinand H. Pease* and *Storey & Bailey,* for appellee.

OPINION BY DITHRICH, J., April 16, 1947:

Plaintiff brought this action in assumpsit to enforce the disability provision of a policy of life insurance issued by the defendant company. The policy provides

that monthly payments will be made ". . . provided that . . . (2) such total disability began before the anniversary of the Policy on which the Insured's age at nearest birthday is 60 . . ."

In the statement of claim plaintiff averred that he was born on August 9, 1878, and that he became totally disabled September 14, 1938.

Defendant in its affidavit of defense specifically denied that plaintiff was born August 9, 1878, and on the contrary averred that he was born July 9, 1877. If he was born August 9, 1878, he would have been sixty years of age on the anniversary of the policy following the onset of the disability, to-wit, September 14, 1938; but if he was born July 9, 1877, as averred by defendant, he would have passed the age of sixty before the onset of the disability. We quote the following excerpts from the opinion of the learned President Judge of the court below: "At the trial it was conceded that if the plaintiff was born August 9, 1878, the date which he gave in his application, he was entitled to recover $2160 for permanent disability. If, however, he was born on July 9, 1877, the date the insurance company averred, he was entitled to recover $5.31.

"The jury found: 'We the jury after due consideration, from the evidence and testimony given, have agreed that John Hervitz was born July 9, 1877.' Whereupon the defendant moved the Court to direct a judgment in favor of the plaintiff 'for $5.31 without costs, upon payment of the jury fee.' " The motion was granted.

Plaintiff moved for a new trial and arrest of judgment and from the refusal of his motions and the entry of judgment on the verdict, he brings this appeal.

It is plaintiff's contention that the jury should have been instructed that there was a presumption that the date given in the policy was correct, and that the defendant had the burden of coming forward with evidence to overcome plaintiff's prima facie case.

Had plaintiff merely offered the policy in evidence and rested, defendant then would have had the burden of coming forward with evidence to show that the correct date of birth was July 9, 1877. But plaintiff did not rely on the presumption that the age stated in the application and the policy was correct, but offered testimony to prove it. In any event "The presumption . . . is not a substitute for evidence. It merely furnishes a procedural rule . . . See Watkins v. Prudential Insurance Company, 315 Pa. 497, 500-503, 173 A. 644, where Justice (now Chief Justice) MAXEY treated fully with the office of a legal presumption." *Roop v. Greenfield*, 352 Pa. 232, 236, 42 A. 2d 614. See also *O'Neill v. Met. Life Ins. Co.*, 345 Pa. 232, 241, 26 A. 2d 898.

The issue as to plaintiff's age was raised in the pleadings and, plaintiff having assumed the burden of proving it by offering evidence on the affirmative side of the issue and the defendant having countered with evidence on the negative side of the issue, its defense could not in any sense be considered an affirmative one. "The general rule is that the burden of proof rests on the party who has the affirmative of the issue,[64] as determined by the pleadings,[65] . . . so, the party asserting or pleading a fact or issue generally has the burden of proof as to such fact or issue." 31 C. J. S. 710, Evidence §104.

"The fundamental principle is that the burden of proof in any cause rests upon the party who, as determined by the pleadings or the nature of the case asserts the affirmative of an issue . . . one alleging a fact which is denied has the burden of establishing it. . . ." 20 Am. Jur. 138-9, Evidence §135. Quoted in *O'Neill v. Met. Life Ins. Co.*, supra, p. 239.

Speaking through the present Chief Justice, the Supreme Court said in *O'Neill v. Met. Life Ins. Co.* (pp.

[64] Citing among others Zenner v. Goetz (Travelers Ind. Co., Appellant), 324 Pa. 432, 188 A. 124.

[65] Citing among others O'Neill v. Met. Life Ins. Co., 345 Pa. 232, 26 A. 2d 898.

238-9) : ". . . by their pleadings the plaintiffs assumed the burden of proof, as the quotation, supra, from the statement of claim shows. The affidavit of defense accepted the issue tendered by denying the plaintiffs averments . . ."

In *Caulfield v. Aetna Life Ins. Co.*, 144 Pa. Superior Ct. 257, 19 A. 2d 575, a case quite similar to the instant case on the facts, this court said (p. 261) : "Upon the issue of fact as to the age of plaintiff, she had the burden of showing she was under sixty when injured." And in *Stewart v. Prudential Ins. Co. of Am.*, 147 Pa. Superior Ct. 296, 298-299, 24 A. 2d 83, "The pleadings raised two principal issues: (1) Whether insured was less than seventy years of age at the time of his death; (2) whether insured died of bodily injuries effected solely through external, violent, and accidental means as defined in the policy. Plaintiff had the burden of establishing both facts." We find no error in the charge.

Appellant also assigns as error the admission in evidence of a certified copy of his Declaration of Intention and Petition for Naturalization, in both of which he stated under oath that he was born on the ninth day of July, 1877. His contention is that the certified copy was inadmissible because the certification was made by an assistant commissioner of the Immigration and Naturalization Service and not by the commissioner or a deputy commissioner. He bases his contention upon 8 U. S. C. A. 741a which authorizes the commissioner or a deputy commissioner to issue without fee *certificates* for use in any judicial proceeding. That provision clearly has reference to naturalization certificates. The pertinent statute under which the certified copy was admitted is the Act of June 19, 1934 (28 U. S. C. A. 661) which provides in part that copies of any records, papers or other documents in any of the executive departments shall be admitted in evidence when duly authenticated under the seal of such department. Section (c) of the Act further provides: "(c) The seal of such executive de-

partment . . . shall be judicially noticed." The essential requirement is that the record be authenticated under the seal of such department and not that the certification be executed by any particular officer.

In *Met. Life Ins. Co. v. Brown,* 45 F. Supp. 728, the court said (p. 730): "However, the most persuasive of all the evidence is the petition for naturalization. This was the earliest of the records considered. From it the insured derived his status as a citizen of this country and all the rights incidental thereto. His statement there was made directly by the insured under oath; and the importance of the occasion as well as the probable knowledge of the possible consequences of falsification would be more conducive to accuracy than would be the case with regard to any of the other records. I find, therefore, that the date, February 13, 1893, appearing in the petition for naturalization, establishes the date of the insured's birth." We agree with the court below that there could be ". . . no doubt of their admissibility in the instant case." See *Caulfield v. Aetna Life Ins. Co.,* supra.

Judgment affirmed.