## Harrison, Appellant, *v.* Metropolitan Life Insurance Company.

Argued October 7, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Harry Norman Ball,* for appellant.

*Owen B. Rhoads,* with him *Joseph H. Collins,* and *Barnes, Dechert, Price, Myers & Clark,* for appellee.

OPINION BY RHODES, P. J., March 12, 1951:

This is an action in assumpsit by the beneficiary in seven life insurance policies issued by defendant. Plaintiff was the widow of the insured, Tom Harrison, to whom the policies were issued upon his written applications, copies of which were attached to the policies and made part thereof. The policies aggregated $43,000, and each policy contained a clause which provided: "If the age of the insured has been misstated, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age." The insured's applications stated that he was born on December 4, 1886. Defendant, in its answer and new matter, alleged that the correct date of insured's birth was October 3, 1883, admitted liability in the sum of $39,-094.06, being the amount of insurance which it was agreed the premiums paid would have purchased if October 3, 1883, was the correct date of birth, and denied liability for the difference between this amount and the total face value of the policies, which difference amounted to $3,905.94. Plaintiff filed an answer to new matter. Defendant paid the amount admitted to be due, and the case proceeded to trial, before a judge and jury, for the amount deducted, to wit, $3,905.94.

At the trial plaintiff offered in evidence the policies which included the applications attached thereto, and the admissions in the pleadings; plaintiff then rested.

Defendant introduced in evidence as one exhibit authenticated copies under the seal of the Department of Justice comprising insured's certificate of naturalization, petition for naturalization, and declaration of intention to become a citizen. In the petition and the declaration, which were signed and sworn to, insured stated that he was born on October 3, 1883, in Lithuania. Included in the records of the Immigration and Naturalization Service, and a part of the exhibit offered in evidence, was a manifest purporting to show insured's arrival in the United States on the S. S. Rhynland in the year of 1903 at the age of twenty-one.

Plaintiff did not rely solely upon the presumption that the date of insured's birth (December 4, 1886), as stated in the applications, was correct (Cf. *Hervitz v. New York Life Insurance Co.,* 160 Pa. Superior Ct. 496, 498, 499, 52 A. 2d 368), but after the defense closed she went on to offer in evidence insured's application for a marriage license in which insured, under oath, gave the date of his birth as October 28, 1886. In her own behalf plaintiff also testified that when she married insured in 1913 he was twenty-seven years old in November of that year, thus making his birth some time in November of 1886. Plaintiff's son, Sigmund, also fixed the year of insured's birth as 1886. He was indefinite as to the exact date of birth. Both he and plaintiff named Thanksgiving Day as the time insured's birthday was usually celebrated.

Plaintiff's counsel requested the trial judge to instruct the jury to make a special finding: "Was Tom Harrison born on October 3, 1883?" The trial judge modified plaintiff's request for the special finding and submitted to the jury the question: "On what date was Tom Harrison born?" The jury found that the insured was born on the date stated in the naturalization papers, October 3, 1883. Accordingly, on this finding the

trial judge directed a verdict for the defendant, a point having been reserved as to the sum of $499, with interest, which amount defendant claimed it had a right to deduct from the accidental death benefits payable under a supplementary contract. Plaintiff filed motions for judgment n.o.v. and for a new trial. The court in banc dismissed plaintiff's motion for a new trial and, upon the point reserved, entered judgment for plaintiff in the sum of $571.52, being $499 principal and $72.52 interest. Except as to this plaintiff's motion for judgment was overruled. Plaintiff has appealed to this Court.

Appellant contends that the trial judge submitted the case to the jury on an issue not raised by the pleadings when he asked them to find on what date Tom Harrison was born. Appellant asserts that the issue in the case was much narrower, that is, "was insured born on December 4, 1886," as stated in the applications, or "was insured born on October 3, 1883," as alleged by the defendant. It is true that the trial judge in his charge asked the jury to find "On what date was Tom Harrison born?" Appellant took no exception to this statement and made no suggestion that it be changed. The charge must be considered in the light of the evidence presented which included appellant's evidence, in addition to the date set forth in the applications, that insured was born on October 28, 1886, or some date in November of 1886. Appellant's evidence was not confined to the issue as defined by the pleadings, and under these circumstances appellant's request for a special finding invited the trial judge to modify the question to conform with such evidence. Considered in the light of the evidence presented the charge was correct in substance and contained no fundamental error. In this respect we think the charge favored the appellant. The jury could have found that the date of insured's birth on the evidence submitted by the appellant was one of

several dates other than October 3, 1883, which defendant sought to establish as the date of his birth.

We find no merit in appellant's further contention that she was wrongfully deprived of her right to a general verdict. She had presented the request for the special finding, and the trial judge in his charge asked the jury to make a finding on an issue which was substantially as requested by appellant. Appellant made no objection to the modified finding or to the procedure. In fact, she requested the procedure and acquiesced therein. The trial judge had the right to direct a general verdict on the basis of the special finding which determined the entire controversy. Appellant by her request for a special finding formally agreed to such method of submission. *Fulforth v. Prudential Insurance Co. of America,* 147 Pa. Superior Ct. 516, 524, 24 A. 2d 749; 6 Standard Pennsylvania Practice, pp. 176, 222-224. Cf. *Simpson v. Montgomery Ward & Company,* 354 Pa. 87, 46 A. 2d 674; Id., 162 Pa. Superior Ct. 371, 57 A. 2d 571.

We do not think that appellant was deprived of a fair trial by reason of the alleged prejudicial attitude of the trial judge throughout the trial or in his charge. The trial judge affirmed appellant's points for charge to the effect that the age stated in the applications was presumptively correct, and that defendant had the burden of showing by clear and positive evidence the age it alleged was in fact the correct age of the insured. In so doing the trial judge gave appellant everything for which she asked, if not more than she was entitled to. Defendant admits that it assumed the burden not only of showing that the date of birth of insured as given in the applications for insurance was wrong, but that October 3, 1883, was the correct date of birth. The trial judge did point out that defendant's evidence was clear and positive, and his comment showed that he thought the weight of the evidence was with the de-

fendant, but he clearly told the jury that the issue was for them to determine. A trial judge may express an opinion as to credibility and weight of the evidence as long as he leaves the ultimate determination to the jury. *Fulforth v. Prudential Insurance Co. of America,* supra, 147 Pa. Superior Ct. 516, 530, 24 A. 2d 749; *Com. v. Simmons,* 361 Pa. 391, 407, 65 A. 2d 353; *Lappe v. Gfeller,* 211 Pa. 462, 472, 60 A. 1049.

There was no error in the admission in evidence of the records in the naturalization proceedings. These documents were photostatic copies of the original records of the Immigration and Naturalization Service of the Department of Justice and were offered as a whole. They were properly authenticated under the seal of the Department and clearly admissible. 28 U.S.C.A. §1733; *Hervitz v. New York Life Insurance Co.,* supra, 160 Superior Ct. 496, 500, 52 A. 2d 368. The manifest of the S. S. Rhynland to which appellant especially objects showed insured's arrival in this country in 1903 at the age of twenty-one years, which would make his date of birth at least as early as 1883. This document was part of the official records of the Immigration and Naturalization Service, made in the regular course of business, and properly authenticated. As a part of defendant's exhibit it was not inadmissible.

There is no merit in appellant's argument that the trial judge improperly excluded pedigree evidence or family reputation as to the date of insured's birth. Such evidence is an established exception to the hearsay rule (*Simon v. New York Life Insurance Company,* 70 Pa. Superior Ct. 408; *District of Columbia's Appeal,* 343 Pa. 65, 69, 21 A. 2d 883), and appellant and her son were permitted to offer such testimony at length.

Appellant was not harmed by the refusal of the trial judge to admit in evidence a birth certificate alleged to show the birth of insured's other son, Irving Harrison, on July 2, 1920. This certificate did not

identify the parents of the "Irvin Harrison" stated therein as born on July 2, 1920, and was therefore of little value. In addition, appellant herself testified that her son Irving was born July 2, 1920. Consequently, there was upon the record the fact of the discrepancy as to the date of the birth of insured's son Irving, insured having stated in his petition for naturalization that the date was July 2, 1919. Appellant's counsel therefore had full opportunity to present the argument that these discrepancies as to the birth of their child showed that insured may have been prone to make similar mistakes in stating his own age and birthday. The sole issue in this case, as limited by the evidence presented, was the date of insured's birth. That issue, under the evidence and in the charge of the court, was clearly submitted to the jury; and the jury made a responsive finding. We find no error in the conduct of the trial or in the charge of the court sufficient to justify a new trial.

Judgment is affirmed.