Lincoln Intermediate Unit No. 12, Appellant v. Bermudian Springs School District, Appellee.

54

Argued December 17, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and CRAIG, sitting as a panel of three.

*Richard C. Snelbaker, Snelbaker, McCaleb & Elicker,* for appellant.

*John W. Phillips, Pyle and Phillips,* for appellee.

OPINION BY JUDGE CRAIG, February 26, 1982:

Lincoln Intermediate Unit (LIU) appeals a judgment of the Court of Common Pleas of Adams County entered upon a jury verdict that awarded Bermudian Area School District (Bermudian) rent in an action of assumpsit, based upon an implied-in-fact contract for the 1977-78 school year.

LIU is an intermediate unit created under the Public School Code,[1] covering twenty-five school districts, including Bermudian. For several school years preceding the 1977-78 school year, LIU provided teaching services, in Bermudian's own classroom facilities, to meet various special educational needs of Bermudian children. In each of those years, LIU and

---

[1] Act of May 4, 1970, P.L. 311, 24 P.S. §§9-951—9-974.

Bermudian entered into a "lease" stating the services to be performed and the amount of rent that LIU would pay to Bermudian for the use of the Bermudian facilities.

Before the 1977-78 school year, the LIU board of directors, upon a recommendation of its advisory council, deleted from its budget the item of "rent" to be paid to local districts, including Bermudian, whenever the LIU-taught classes consisted only of local district pupils.

At the start of the school year now in question, 1977-78, LIU teachers reported to Bermudian facilities and conducted classes as in previous years. When LIU sent a proposed "lease" stating that LIU would not be charged for Bermudian's classrooms, Bermudian refused to execute it. After LIU continued to refuse to pay rent, Bermudian initiated this action.

LIU, in its motion for a new trial, raised, along with other issues, the claim that the trial judge erred in his charge to the jury by instructing the jury that:

[I]f you believe [Bermudian's] testimony [indicating that in prior years, LIU would take possession of the classroom spaces before the school term began and sometime thereafter a formal written lease would be provided that would be signed and that would constitute the agreement of the parties] it would establish what we would call a condition by which the parties negotiated and conducted themselves. There is a presumption in the law that once a condition is established it is presumed to continue until it is shown otherwise. The burden of proving this conduct, this arrangement, this type of behavior would be on the Plaintiff [Bermudian] by a preponderance of the evidence.

If you find that this is the way that the parties conducted themselves in the years prior to

1977 and '78 then it would be the burden of the Defendant [LIU] to show that the condition changed.

. . . .

So if you find that you believe [Bermudian's] testimony concerning the past dealings of the parties and you find that by a preponderance or fair weight of the evidence, then you would have to next consider whether the Defendant [LIU] has shown you by the same standard of proof that whatever happened in the past had been changed for the year 1977, '78.

. . . .

[I]f you find that the Plaintiff has established by a fair weight or preponderance of the evidence ... that there was an offer and acceptance through the making available and the occupying of the classrooms and that that condition was not changed by the Defendant, then your verdict would be in favor of the Plaintiff....

However, if you find by a fair weight or preponderance of the evidence that the Defendant has shown that the condition which was established was changed and that change was brought to the attention of the Plaintiff, then your verdict would be in favor of the Defendant and against the Plaintiff.

This instruction was in error. The law is specific and long established in an assumpsit action that:

As to any particular issue, only one party or the other has the burden of proof, and the general rule is that the burden of proof is upon the party who, in substance, alleges that a thing is so, or, as it is more commonly put, the burden of proof rests upon the party having the

affirmative of the issue as determined by the pleadings.

6 Standard Pennsylvania Practice 251.

In other words:

'The fundamental principle is that the burden of proof in any cause rests upon the party who as determined by the pleadings or the nature of the case asserts the affirmative of an issue,... One alleging a fact which is denied has the burden of establishing it.'

*Hervitz v. New York Life Insurance Co.*, 160 Pa. Superior Ct. 496, 499, 52 A.2d 368, 369 (1947). Bermudian, as plaintiff, had the burden of proof, in the sense of the burden of persuasion, to establish the existence of a contract in school year 1977-78. However, the trial judge's charge had the effect of placing the burden of proof on defendant LIU to establish the absence of a contract in school year 1977-78.

Neither the trial judge's opinion nor the school district's brief cite any authority establishing a presumption that, once a situation of prior lease arrangements is established, it is presumed to continue until proved otherwise. On the contrary, Bermudian, as plaintiff, had to establish, by a preponderance of the evidence, the existence of a contract in school year 1977-78, notwithstanding the parties' previous relationships.

Thus we must vacate the judgment and remand for new trial. We need not extend this opinion as to the motion for judgment n.o.v.,[2] nor as to the other new

---

[2] LIU's motion for judgment *non obstante veredicto* was based on the trial judge's alleged error in refusing LIU's motion for a compulsory nonsuit. However, LIU had no basis for its contention that the subsequent formal statement of its board of directors as to the rental policy should not have been admitted into evidence. The formal action of the LIU was material and relevant; this suit is not in trespass, and such official action is not analogous to remedial steps taken following an alleged tort.

trial grounds,[3] apart from the burden-of-proof point treated above. Presumably, the vexing problems of pleading and pleading amendments, which the trial judge properly controlled in the context of the initial trial,[4] can be avoided by the opportunity which retrial will afford, for a final clarification of the pleadings, by amendment as necessary, before a new trial is convened.

---

[3] One other basis for LIU's motion for a new trial was the trial judge's refusal to admit evidence relating to the affirmative defense of lack of consideration, *e.g.*, the computation of the cost (if any) to Bermudian of allowing LIU to use Bermudian's own facilities. This point turns upon the pleading amendment problems noted below, and therefore it also can be obviated before retrial.

[4] LIU contended that the trial judge erred in allowing Bermudian to amend its complaint in conformity with the evidence presented, by alleging that a new (implied-in-fact) contract was entered into for the school year 1977-78 on a month-to-month basis. Accordingly, LIU also argued that the trial judge erred in subsequently denying LIU's motion to amend its answer in order to assert that no implied-in-fact contract could have existed because of the lack of consideration from Bermudian. However, Pa. R.C.P. Nos. 1030 and 1032 require that such an affirmative defense be pleaded in the answer under new matter, and that a party waives all defenses and objections which he does not present either by preliminary objection, answer or reply except in a few situations not presently at issue.

Amendments to pleadings lie within the sound discretion of the court, *Yentzer v. Taylor Wine Co.*, 409 Pa. 338, 186 A.2d 396 (1962), and will not be overturned on appeal absent a showing of plain error. *Bell v. Shetrom*, 214 Pa. Superior Ct. 309, 257 A.2d 323 (1969). The central inquiry for the court was whether either party would be prejudiced by the allowance or denial of the amendment. *West Penn Power Co. v. Bethlehem Steel Corp.*, 236 Pa. Superior Ct. 413, 348 A.2d 144 (1975). The trial judge did not abuse his discretion in denying LIU's motion to amend at that juncture, with the case ready to go to the jury, because LIU could have pleaded the affirmative defense of lack of consideration at the beginning of the litigation, knowing that the issues were contractual in nature from the outset.

ORDER

Now, February 26, 1982, the judgment of the Court of Common Pleas of Adams County, Civil Action-Law, at No. 79-S-8, In Assumpsit, dated November 13, 1980, is vacated and the case is remanded for new trial.

Judge PALLADINO did not participate in the decision in this case.