510 A.2d 934

South Hills Health System, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued May 16, 1986, before Judges BARRY and PALLADINO, and Senior Judge ROGERS, sitting as a panel of three.

*Patrick J. Clair*, with him, *Frederick A. Boehm, Goehring, Rutter & Boehm*, for petitioner.

*Bruce G. Baron*, Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE ROGERS, June 16, 1986:

The South Hills Health System (petitioner) has filed a petition for review of a final order of the Department of Public Welfare, by its Office of Hearings and Appeals, that the petitioner should pay DPW $7,368 in recoupment of the overpayment of moneys paid to the petitioner in the years ending 1971 through 1976. The petitioner is the successor by consolidation of St. Joseph's Hospital and Homestead Hospital and the alleged overpayments made to those institutions for the care of medical assistance patients.

The Department of the Auditor General had made audits of the two hospitals' claims for reimbursement during the years just mentioned and had decided that their claims with respect to patient days were not justified.

For reasons not clear to us, DPW made no definitive demand for the asserted overpayment until February 16 and 17, 1983. At that time neither the petitioner nor

the Commonwealth had any financial records of the events during the years in question. The petitioner had discarded or "retired" its records.[1] DPW's records had allegedly been destroyed in a flood.

The petitioner did not appeal the Department of the Auditor General's audit and does not contest the fact that the audit disallowed $7,368 of the hospitals' claims. Its defense is a denial that the hospitals had been paid for the days disallowed in the audit in the first place; thereby putting DPW to proof of payment of the full amounts of their claims. The petitioner contends, and we agree, that one who asserts the existence of certain facts bears the burden of proving them. *O'Neill v. Metropolitan Life Insurance Company,* 345 Pa. 232, 26 A.2d 898 (1942); *Laurelton Center v. L & L Boiler Maintenance Inc.,* 47 Pa. Commonwealth Ct. 14, 407 A.2d 98 (1979); *Hervits v. New York Life Insurance Company,* 160 Pa. Superior Ct. 496, 52 A.2d 368 (1947). Since DPW asserts it paid the petitioner in full of its claims, it had the burden of proving that it did.

As we first noted, the final order in the case was that of DPW's Office of Hearings and Appeals. That order consisted of the adoption of the order of the DPW Hearing Officer who conducted an evidentiary hearing and filed a proposed adjudication with findings, discussion, and a conclusion that the DPW's order directing the payment by the petitioner of the overpayment should be upheld. At the hearing DPW adduced the testimony of a field auditor of the Department of the Auditor General to the effect that it was the practice of the Department of the Auditor General during the years in question when overstatements by providers of patient days

---

[1] We observe that the DPW regulation at 55 Pa. Code §1101.51 requires providers to retain medical and fiscal records for at least four years.

and charges, called Utilization Review or UR cases, were discovered to identify them for later reference but not to remove them from the providers' records pending appeals from their proposed disallowances. The witness further testified that it was his belief that DPW then made interim or yearly payments of claims including payment of these disputed Utilization Review cases; and that it adjusted the accounts later when appeals had been disposed of. However, when shown a record produced by the petitioner on which the auditor had identified and *removed* a UR case, the witness said that the auditor had made a mistake.

The decision here having been in favor of the party with the burden of proof our duty on review is to determine whether the findings are supported by substantial evidence. The finding needed to support a decision in DPW's favor was that the two hospitals had been paid in full for their claims including those identified for disallowance. The field auditor's testimony that it was the practice of the Department of the Auditor General to make interim or yearly payment subject to later adjustment and the expression of his belief that DPW paid these claims in full pending appeals invites speculation that these hospitals were so paid but, it is not sufficient to support a finding to this effect. *See Smith v. Bell Telephone Co. of PA.*, 397 Pa. 134, 153 A.2d 477 (1959).

In fact, the Hearing Officer made no finding that DPW paid the hospitals their claims in full, including the questioned UR cases. He described his holding as based on his conclusion that the DPW's evidence preponderated over the petitioner's failure to produce any evidence. A preponderance of the evidence is such proof as leads the trier of fact to find that the existence of a contested fact is more probable than is its nonexistence. *Commonwealth v. Del Conte*, 277 Pa. Superior Ct. 296, 419 A.2d 780 (1980). Since the Hearing Exam-

iner was not impelled by the evidence to find that payment had been made, it was error to conclude that that evidence preponderated. Far from accepting the DPW's evidence as proof of payment, the Hearing Examiner specifically rejected it for this purpose. He wrote:

> Counsel for the auditor general says 'Testimony is plain that prior payment did occur.' This is not entirely accurate. What the testimony does indicate is that prior payment could have occurred, or should have occurred, or may have occurred. But the lack of documentation prevents this testimony from rising to the level of certitude.

Uncertain evidence is certainly not substantial evidence.

We therefore reverse the order of the Department of Welfare.

ORDER

AND NOW, this 16th day of June, 1986, the order of the Department of Public Welfare in the above-captioned matter is reversed.