G.M., Petitioner

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 20, 2008.
Decided July 16, 2008.

Kent D. Watkins, Saint Clair, for petitioner.

Howard Ulan, Sr. Asst. Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

G.M. (Petitioner) petitions for review of the January 17, 2008, order of the Department of Public Welfare (DPW), Bureau of Hearings and Appeals (BHA), which denied Petitioner's request to expunge a founded report of child abuse filed with the Child Line Registry. We affirm.

On December 11, 1987, the Schuylkill County Court of Common Pleas (trial court) issued orders in a dependency proceeding finding that Petitioner sexually abused his daughter, T.M., and adjudicating T.M. as dependent. As a result, the Schuylkill County Children and Youth Services (County Agency) changed the status of its report of child abuse against Petitioner from "indicated" to "founded."[1] (Findings of Fact, Nos. 1–5.)

In 2007, Petitioner requested expungement of the founded report of child abuse against him, which was denied on the basis that the report was accurate and was being maintained in a manner consistent with the Child Protective Services Law (Law), 23 Pa.C.S. §§ 6301–6386. Petitioner appealed this determination and requested a

hearing. DPW assigned the matter to an Administrative Law Judge (ALJ) to hold a hearing and make recommended findings of fact and conclusions of law.

■■■ At the hearing, the County Agency presented the December 11, 1987, orders from the trial court and asserted that these orders presumptively demonstrate that the founded child abuse report was accurate and supported the decision not to expunge Petitioner's record.[2]

In response, Petitioner argued that there was good cause for his record to be expunged because he was rehabilitated. To support his claims, Petitioner explained that: (1) between 1987 and 2007, he had undergone medical and psychiatric treatment and therapy; (2) he deeply regretted his actions; (3) at the time of the abuse, he was going through a divorce, but he now is in a stable relationship; (4) he has rebuilt his relationship with T.M.; (5) he currently is enrolled in nursing school; and (6) the founded child abuse report harmed his chances of obtaining gainful employment.[3] (R.R. at 25–26.)

Although recognizing that Petitioner may have changed his life for the better, the ALJ nevertheless held that expungement was not warranted because the trial court's orders were presumptive evidence

---

1. A child abuse report is "indicated" if an investigation by the county agency or DPW determines that substantial evidence of the alleged abuse exists based on any of the following: (1) available medical evidence; (2) the child protective service investigation; or (3) an admission of the acts of abuse by the perpetrator. Section 6303 of the Child Protective Services Law, 23 Pa.C.S. § 6303. A child abuse report is "founded" if there has been any judicial adjudication finding that a child, who is the subject of the report, has been abused. *Id.*

2. In an action for expungement of a child abuse report, the county agency bears the burden of proving, by evidence that outweighs any contrary evidence, that the petitioner's

actions constituted child abuse. *L.S. v. Department of Public Welfare*, 828 A.2d 480 (Pa. Cmwlth.2003). A court's finding of child abuse is presumptive evidence that the report was substantiated. 55 Pa.Code § 3490.106(g); *K.R. v. Department of Public Welfare*, 950 A.2d 1069 (Pa.Cmwlth.2008) (holding that the Secretary can rely on findings of fact made in a dependency proceeding to establish the existence of child abuse).

3. Petitioner offered no other evidence of his rehabilitation, such as records or notes from his treating physicians, records from his nursing program, or statements from T.M. or his significant other.

that the child abuse report was accurate and Petitioner did not dispute the finding of abuse. With respect to Petitioner's good cause argument, the ALJ held there is no Pennsylvania case law to support the expungement of his record on that basis. Accordingly, the ALJ recommended that Petitioner's appeal be denied, and the BHA adopted that recommendation.

■ On appeal,[4] Petitioner reiterates his position that he established "good cause" for having his founded child abuse report expunged pursuant to section 6341(a)(1) of the Law, 23 Pa.C.S. § 6341(a)(1), and that the BHA erred and/or abused its discretion in denying his request. We disagree.

■ As a general rule, the Law provides that the Secretary of the DPW (Secretary) **may** amend or expunge any record at any time upon good cause shown and notice to the appropriate subjects of the report. 23 Pa.C.S. § 6341(a)(1). Clearly, this section grants the Secretary, and the Secretary's agents, the **discretionary** authority to amend any record upon good cause shown. *J.C. v. Department of Public Welfare*, 720 A.2d 193 (Pa.Cmwlth. 1998). Our courts will not review the actions of government bodies or administrative tribunals involving the exercise of discretion in the absence of bad faith, fraud, capricious action or abuse of power. *Slawek v. State Board of Medical Education and Licensure*, 526 Pa. 316, 586 A.2d 362 (1991).

Here, the BHA held that the founded child abuse report was accurate and was being maintained in accordance with the Law. In so holding, the BHA chose to look to the trial court's findings of child abuse and dependency, as well as Petitioner's own admission that he engaged in the abusive conduct, rather than to Petitioner's claims of rehabilitation. Based on this record, we cannot say that the BHA acted in bad faith, fraudulently, capriciously or otherwise abused its power in refusing to expunge Petitioner's record. Accordingly, there is no basis on which to reverse the denial of Petitioner's appeal from that decision.

■ Petitioner also asserts that sections 6338(b) and (c) of the Law, 23 Pa.C.S. §§ 6338(b) and (c), and 55 Pa.Code §§ 3490.33 and 3490.39, violate his right to equal protection under the law because those sections treat similarly situated individuals differently and without a rational basis if the DPW knows the individual's Social Security number or date of birth. However, because Petitioner failed to include this issue in the Statement of Questions Involved portion of his brief, this issue is waived. Pa. R.A.P. 2116(a) (stating that, ordinarily, no point will be considered which is not set forth in the statement of questions involved or suggested thereby); *Township of Concord v. Concord Ranch, Inc.*, 664 A.2d 640 (Pa.Cmwlth. 1995) (holding that the failure to comply with Pa. R.A.P. 2116(a) constitutes a waiver of the issue).

Accordingly, we affirm.[5]

---

4. Our scope of review is limited to determining whether legal error has been committed, whether constitutional rights have been violated or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

5. Finally, Petitioner asserts that the criminal law theory of pardon should be available for perpetrators who, like himself, have expressed remorse for their conduct and have demonstrated that they have changed their lives. While this is an intriguing idea, the Law offers no support for reversal on this basis.

## ORDER

AND NOW, this 16th day of July, 2008, the order of the Department of Public Welfare, Bureau of Hearings and Appeal, dated January 17, 2008, is hereby affirmed.