v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 8, 2012.

Decided Aug. 24, 2012.

between the values presented by each party. *Green,* 565 Pa. at 208, 772 A.2d at 433.

5. *Green,* 565 Pa. at 206 n. 10, 772 A.2d at 432 n. 10.

William R.A. Rush, Reading, for petitioner.

Mary P. Patterson, Senior Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, Judge, and SIMPSON, Judge, and COVEY, Judge.

OPINION BY Judge LEADBETTER.

V.W. petitions for review of the order of the Department of Public Welfare (Department), Bureau of Hearings and Appeals (Bureau) that adopted the recommendation of the Administrative Law Judge (ALJ) and dismissed V.W.'s appeal from an indicated report of child abuse as abandoned. V.W. argues that the dismissal of her appeal was improper because the Berks County Children and Youth Services (CYS) had the burden of establishing existence of substantial evidence supporting the alleged child abuse despite her nonappearance at a scheduled hearing. We vacate the Bureau's order and remand for a further proceeding.

On March 8, 1996, CYS filed an indicated report of child abuse against V.W. for allegedly hitting her 13–year–old son with belts, causing scratches and abrasions on his leg and back. In a notice dated March 19, 1996, the Department advised V.W., *inter alia,* that the indicated report filed against her would remain on file in the state and county offices until 23 years after the child's birth.[1]

On October 8, 2010, the Department notified V.W. that Form CY–113 (Pennsylva-

---

1. The ChildLine that operates a state-wide toll-free system for receiving suspected child abuse reports "shall expunge founded and indicated reports when a subject child is 23 years of age or older." 55 Pa.Code § 3490.39(a). The following information must still be maintained in ChildLine's "subfile" after expungement: (1) the perpetrator's name, Social Security number, date of birth and sex; (2) the child's date of birth and sex; (3) the dates, nature and extent of the child abuse; (4) the county in which the child abuse occurred; (5) the perpetrator's relationship to the child; (6) whether the report was a founded or indicated report; and, (7) the result of any criminal prosecution. 55 Pa.Code § 3490.39(b) and (c).

nia Child Abuse History Clearance) showed that she was listed in the Central Register as a perpetrator of child abuse and that the name of her son, who was 27 years old at that time, had been expunged. On November 9, 2010, V.W., acting *pro se*, sent the Department a letter, requesting a copy of the indicated report and an "appeals hearing." Supplemental Reproduced Record at 6b. The Department informed the Bureau of V.W.'s request for expungement of the indicated report. The Bureau then scheduled a hearing for April 14, 2011 and mailed a notice of hearing to V.W. at her address listed in the request for a hearing. The Bureau also notified V.W. and the Berks County solicitor of an assignment of an ALJ and advised them that a request for continuance must be submitted in writing. V.W. admits that she received the notices.

V.W. did not appear at the scheduled hearing. CYS then moved for dismissal of her appeal without presenting any evidence. In an adjudication issued on September 6, 2011, the ALJ recommended that V.W.'s appeal be dismissed "as abandoned due to her failure to appear for the hearing." ALJ's Adjudication at 6. The Bureau adopted the ALJ's recommendation and dismissed V.W.'s appeal. V.W. filed an application for reconsideration, alleging that although she received "the paper work about the hearing," she "did not understand it" and did not have an opportunity to consult an attorney. S.R. at 3b. The Secretary of the Department denied her application. V.W.'s appeal to this Court followed.

V.W., now represented by an attorney, challenges the dismissal of her appeal as abandoned. She argues that CYS had the burden of establishing existence of sub-

stantial evidence supporting the indicated report of child abuse despite her nonappearance at the hearing and that the Bureau should have expunged the indicated report because CYS did not present any evidence to meet its burden. She further argues that the Department denied her right to due process by failing to adequately advise her of her right to appeal the indicated report. She alternatively asks the Court to remand this matter to the Bureau for a hearing. The Department counters that V.W.'s appeal was properly dismissed as abandoned because she failed to appear at the hearing to prosecute the appeal. The Department asserts: "Had [V.W.] prosecuted her appeal, she would have had the opportunity to present evidence at a hearing and CYS would have had to prove the abuse by substantial evidence." Department's Brief at 9.[2]

Section 6303(a) of the Child Protective Services Law (Law), *as amended,* 23 Pa.C.S. § 6303(a), defines an "indicated report" as:

> A child abuse report made … if an investigation by the county agency or the Department of Public Welfare determines that substantial evidence of the alleged abuse exists based on any of the following:
>
> (1) Available medical evidence.
>
> (2) The child protective service investigation.
>
> (3) An admission of the acts of abuse by the perpetrator.

For the purpose of an expungement proceeding, substantial evidence is "[e]vidence which outweighs inconsistent evidence and which a reasonable person would accept as adequate to support a conclusion." *Id.* Any person named as a perpetrator in an

---

2. In this appeal, this Court's review of the Bureau's order is limited to determining whether a legal error has been committed or whether constitutional rights have been violated. *G.M. v. Dep't of Pub. Welfare,* 954 A.2d 91 (Pa.Cmwlth.2008).

indicated report of child abuse may ask the Secretary of the Department to amend or expunge the indicated report "on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with [the Law]. Section 6341(a)(2) of the Law, *as amended,* 23 Pa.C.S. § 6341(a)(2).

■ Generally, "the burden of proof . . . rests upon the party who . . . asserts the affirmative of an issue"; thus, "one alleging a fact . . . has the burden of establishing it." *Lincoln Intermediate Unit #12 v. Bermudian Springs Sch. Dist.,* 65 Pa. Cmwlth. 53, 441 A.2d 813, 815 (1982) [quoting *Hervitz v. New York Life Ins. Co.,* 160 Pa.Super. 496, 52 A.2d 368, 369 (1947) ]. In *Lee v. Department of Public Welfare,* 105 Pa.Cmwlth. 211, 523 A.2d 1188 (1987), the owner of the nursing home appealed the Department's audits but failed to appear at a scheduled hearing without seeking continuance. The Court upheld the dismissal of the appeal, stating: "The petitioners bore the burden of proof before the Hearing Officer . . . and by virtue of their non-appearance, failed to present any evidence to support their challenges as to the audit appeals . . . . The petitioners, therefore, must be held to have failed to carry their burden, thus rendering the dismissal proper." *Id.* at 1189–90 (citations omitted).

Unlike in *Lee,* CYS, not V.W. who failed to appear at the hearing, had the burden of proof at the scheduled hearing. Section 6341(c) of the Law provides that "[t]he burden of proof in the hearing shall be on the appropriate county agency." Under the heading "[h]earings and appeals proceedings for indicated reports received by ChildLine after June 30, 1995," 55 Pa.Code § 3490.106a(g) also provides that "[t]he burden of proof in hearings held under this section is on the appropriate county agency."

In *Zawacki v. Department of Transportation, Bureau of Driver Licensing,* 745 A.2d 701 (Pa.Cmwlth.2000), the Department argued that the trial court had discretion to dismiss the statutory appeal for the sake of judicial efficiency when the licensee failed to appear at the scheduled hearing to prosecute his appeal. Finding no controlling authority on the issue, the Court relied on the "practice rule" under Rule 218(b)(1) and (c) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 218(b)(1) and (c), while recognizing that the rules of civil procedure do not apply to a statutory appeal. *See Knopsnider v. Derry Twp. Bd. of Supervisors,* 725 A.2d 245 (Pa.Cmwlth.1999) (holding that under Pa. R.C.P. No. 1007, the rules of civil procedure apply only to actions brought by a praecipe for a writ of summons or a complaint, not to a statutory appeal). Rule 218(b)(1) and (c) permits a plaintiff to proceed to trial where a defendant failed to appear for trial.

The *Zawacki* Court concluded that because the Department had the burden of proof in a statutory license suspension appeal, it was required to present a prima facie case despite the nonappearance of the licensee and his counsel at the hearing, noting that "a Licensee may prevail without presenting any evidence whatsoever." *Zawacki,* 745 A.2d at 703. *See also Commonwealth v. 1992 Chevrolet,* 844 A.2d 583 (Pa.Cmwlth.2004) (citing Rule 218(b)(1) and (c), the Court concluded that in a forfeiture proceeding, the Commonwealth was still required to sustain its burden of establishing a nexus between the alleged unlawful activity and the subject property despite the nonappearance of the owner of the subject property at the hearing).

■ The same rule should apply to this expungement proceeding, in which CYS had the burden of proving existence of substantial evidence supporting the indi-

cated report of child abuse. The Bureau should have proceeded to hold a hearing despite V.W.'s nonappearance and to determine whether CYS met its burden. Hence, the Bureau erred in dismissing V.W.'s appeal as abandoned.[3] Accordingly, we vacate the Bureau's order and remand this matter to the Bureau to hold a hearing and determine V.W.'s entitlement to expungement of the indicated report based on evidence presented by the parties at the hearing.[4]

### ORDER

AND NOW, this 24th day of August, 2012, the order of the Department of Public Welfare, Bureau of Hearings and Appeals (Bureau) in the above-captioned matter is VACATED. This matter is REMANDED to the Bureau for a further proceeding consistent with the foregoing opinion.

Jurisdiction relinquished.

3. The Department relies on *Burch v. Department of Public Welfare*, 815 A.2d 1143 (Pa. Cmwlth.2002), to argue that it properly dismissed V.W.'s appeal for her failure to prosecute the appeal. In *Burch*, the petitioner appealed the Department's revised family service plan. After unsuccessfully attempting to contact the petitioner, the hearing examiner issued two rules to show cause why the appeal should not be dismissed. When the petitioner did not respond to the rules, the hearing examiner recommended dismissal of the appeal, which was adopted by the Bureau. This Court held that the dismissal for the petitioner's failure to prosecute the appeal did not violate her due process right. The *Burch* holding does not apply to this case where CYS had the burden of establishing the alleged child abuse, regardless of V.W.'s appearance at the hearing.

4. Due to our disposition, it is unnecessary to address V.W.'s argument that the Department failed to give her an adequate notice of the indicated report in violation of her right to due process.